FILED

17 OCT 31 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 17-2-28181-6 SEA

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
FOR KING COUNTY

| | | |
|---|---|---|
| EMINENCE INVESTMENTS, LLC, a Washington limited liability company,<br> Plaintiff | ) ) ) ) | Case No. |
| vs | ) ) ) | [Clerk's action required] |
| ANTONIO CRUZ-ALVARADO and ERNESTINA CRUZ,<br> Debtors | ) ) ) ) ) | |

Plaintiff alleges:

Parties

1.       The Plaintiff, Eminence Investments, LLC, is a Washington limited liability company ("Eminence"). Its members include JH Realty, Inc., a Washington corporation, owned by Jared Holland; and Stylemaker Homes, Inc., a Washington corporation, owned by Ashley Walsh.

2.       The Defendants, Antonio Cruz-Alvarado and Ernestina Cruz ("Cruz-Alvarado"), are husband and wife. Each act alleged herein was done by the Defendants individually and on behalf of their marital community. The Defendants own the property located at 9435 25th Ave. SW, Seattle, WA 98106.

COMPLAINT FOR SPECIFIC PERFORMANC

Page 1 of 3

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
520 Pike Street, Ste. 2250
Seattle, WA 98101-4013
206 386-5438//FAX 206 374-2868

Background/Facts

1.    On May 3, 2017, the parties entered into a Real Estate Purchase and Sale Agreement under the terms of which the Defendants agreed to sell the Plaintiffs their property located at 9435 25th Ave. SW, Seattle, WA 98106 (the "Property") for $382,000.00 the "RESPA").

2.    The REPSA was modified or amended from time to time in order to adjust the closing and/or possession date to accommodate the Debtors' needs. It was also amended to recognize Eminence as the actual purchaser. In all respects the REPSA is a fully negotiated, agreed and integrated contract. A copy of the REPSA is attached hereto as Exhibit A.

3.    On May 11, 2017, Eminence opened an escrow account with Best Escrow, LLC, deposited $5,000 along with the REPSA. Under the terms of the REPSA, Eminence agreed release the initial $5,000 deposit to the Debtors.

4.    On May 30, 2017, the Defendants filed a Chapter 13 bankruptcy in the United States Bankruptcy Court for the Western District of Washington.[1] The Chapter 13 case was dismissed by the Hon. Timothy W. Dore. This case is now closed.

5.    The Plaintiffs executed all and delivered all documents necessary to close on this transaction, and had done all that was required of it to close the transaction by June 1 as provided in the REPSA including but not limited to depositing additional funds into escrow (which was stopped by the filing of the Defendants' now dismissed Bankruptcy case), executing all documents, including loan documents and otherwise was fully prepared and continues to be fully prepared to close on this transaction.

6.    Eminence remains ready, willing and able to close this transaction and has demanded that the Defendants comply with the terms of the Agreement and close.

7.    Eminence is entitled to and demands specific performance of the RESPA.

---

[1] Case No. 17-12457 TWD.

COMPLAINT FOR SPECIFIC PERFORMANC

Page 2 of 3

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
520 Pike Street, Ste. 2250
Seattle, WA 98101-4013
206 386-5438//FAX 206 374-2868

1      WHEREFORE, the plaintiff prays for an order of this Court requiring the Defendants to

2  specifically perform under the terms of the REPSA; for an order granting its attorneys' fees and

3  costs for pursuing this matter through the Bankruptcy and State courts as provided in the REPSA

4  and for such further and other relief as deemed appropriate in the premises.

5      DATED this 30th day of October 2017

6                                          Sternberg Thomson Okrent & Scher, PLLC

8                               By _____

9                                   Craig S. Sternberg, WSBA 00521
                                 Attorneys for Plaintiff

10                                  520 Pike Street, Ste. 2250
                                 Seattle, WA 98101-4013
                                 206 386-5438//FAX 206 374-2868

COMPLAINT FOR SPECIFIC PERFORMANC

Page 3 of 3

*STERNBERG THOMSON OKRENT & SCHER, PLLC*
520 Pike Street, Ste. 2250
Seattle, WA 98101-4013
206 386-5438//FAX 206 374-2868

Case 18-01048-CMA   Doc 5-2   Filed 05/17/18   Ent. 05/17/18 10:48:15   Pg. 3 of 34

**EXHIBIT A**

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39150D98-4201-40E0-9D07-040B316BA01F
Authentisign ID: 

Form 21
Residential Purchase & Sale Agreement
Rev. 2/17
Page 1 of 5

©Copyright 2017
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

## RESIDENTIAL REAL ESTATE PURCHASE AND SALE AGREEMENT
### SPECIFIC TERMS

1. **Date:** May 03, 2017    **MLS No.:** 1112852    **Offer Expiration Date:** 5/5/2017

2. **Buyer:** JH Realty, Inc and/or Assign
   Buyer / Buyer / Status

3. **Seller:** Antonio Cruz-Alvarado    Ernestina Cruz
   Seller / Seller

4. **Property:** Legal Description attached as Exhibit A. Tax Parcel No(s).: 3624039156 , ,

   | 9435 | 25th Avenue SW | Seattle | King | WA | 98106 |
   |---|---|---|---|---|---|
   | Address | | City | County | State | Zip |

5. **Included Items:** ☑ stove/range; ☑ refrigerator; ☑ washer; ☑ dryer; ☑ dishwasher; ☑ hot tub; ☐ fireplace insert; ☐ wood stove; ☐ satellite dish; ☐ security system; ☐ attached television(s); ☐ attached speaker(s); ☐ microwave; ☐ generator; ☐ other

6. **Purchase Price:** $ 374,950.00    Three Hundred Seventy-Four Thousand Nine Hundred Fifty    Dollars

7. **Earnest Money:** $ 5,000.00    ☑ Check; ☐ Note; ☐ Other _____ (held by ☐ Selling Firm; ☑ Closing Agent)

8. **Default:** (check only one) ☑ Forfeiture of Earnest Money; ☐ Seller's Election of Remedies

9. **Title Insurance Company:** Chicago Title

10. **Closing Agent:** Best Escrow, LLC
    Company                                    Individual (optional)

11. **Closing Date:** 6/6/2017 or sooner ; **Possession Date:** ☐ on Closing; ☑ Other 6/10/2017 or sooner

12. **Services of Closing Agent for Payment of Utilities:** ☑ Requested (attach NWMLS Form 22K); ☐ Waived

13. **Charges/Assessments Levied Before but Due After Closing:** ☐ assumed by Buyer; ☑ prepaid in full by Seller at Closing

14. **Seller Citizenship (FIRPTA):** Seller ☐ is; ☑ is not a foreign person for purposes of U.S. income taxation

15. **Agency Disclosure:** Selling Broker represents: ☑ Buyer; ☐ Seller; ☐ both parties; ☐ neither party
    Listing Broker represents: ☑ Seller; ☐ both parties

16. **Addenda:** 22J(Lead Disclosure)    22K(Utilities)    34(Addendum)    35(Inspection)
    22EF

---

| | 05/04/2017 | | 5.6.2017 |
|---|---|---|---|
| Buyer's Signature 5/4/2017 9:25:43 AM PDT | Date | Seller's Signature | Date |
| | | Ernestina Cruz | 5.6.2017 |
| Buyer's Signature | Date | Seller's Signature | Date |

| 737  Olive Way #3503 | | |
|---|---|---|
| Buyer's Address | | Seller's Address |

| Seattle | WA | 98101 | |
|---|---|---|---|
| City, State, Zip | | | Seller's Address |

| | | | |
|---|---|---|---|
| | | | City, State, Zip |
| | | | (206) 898-0417 |
| Phone No. | Fax No. | | Phone No.   Fax No. |

| Buyer's E-mail Address | | Seller's E-mail Address | |
|---|---|---|---|
| Homes & Equity Real Estate Grp | 5049 | Keller Williams Seattle Metro WEST | 1470 |
| Selling Firm | MLS Office No. | Listing Firm | MLS Office No. |
| Jared Holland | 106004 | Hannah Nerbovig | 83547 |
| Selling Broker (Print) | MLS LAG No. | Listing Broker (Print) | MLS LAG No. |
| (425) 401-0606  2066196866 | (425) 449-4909 | (206) 935-3442  (206) 650-5909 | (206) 935-6236 |
| Firm Phone No.  Broker Phone No. | Firm Fax No. | Firm Phone No.  Broker Phone No. | Firm Fax No. |
| admin@nwhomeequity.com | | broker@seattlekellerwilliams.com | |
| Selling Firm Document E-mail Address | | Listing Firm Document E-mail Address | |
| jared@freshlookre.com | | hannah@livinginseattle.com | |
| Selling Broker's E-mail Address | | Listing Broker's E-mail Address | |
| 121966 | 9327 | 11076 | 7809 |
| Selling Broker DOL License No. | Selling Firm DOL License No. | Listing Broker DOL License No. | Listing Firm DOL License No. |

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39160D98-4201-40E0-9D07-040B316BA01F
Authentisign ID: BA34DD1B-72BD-44DE-8D1C-00C4C0004AA0F

©Copyright 2017
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

## RESIDENTIAL REAL ESTATE PURCHASE AND SALE AGREEMENT
### GENERAL TERMS
*Continued*

**a. Purchase Price.** Buyer shall pay to Seller the Purchase Price, including the Earnest Money, in cash at Closing, unless 1
otherwise specified in this Agreement. Buyer represents that Buyer has sufficient funds to close this sale in accordance 2
with this Agreement and is not relying on any contingent source of funds, including funds from loans, the sale of other 3
property, gifts, retirement, or future earnings, except to the extent otherwise specified in this Agreement. 4

**b. Earnest Money.** Buyer shall deliver the Earnest Money within 2 days after mutual acceptance to Selling Broker or to 5
Closing Agent. If Buyer delivers the Earnest Money to Selling Broker, Selling Broker will deposit any check to be held by 6
Selling Firm, or deliver any Earnest Money to be held by Closing Agent, within 3 days of receipt or mutual acceptance, 7
whichever occurs later. If the Earnest Money is held by Selling Firm and is over $10,000.00 it shall be deposited into an 8
interest bearing trust account in Selling Firm's name provided that Buyer completes an IRS Form W-9. Interest, if any, 9
after deduction of bank charges and fees, will be paid to Buyer. Buyer shall reimburse Selling Firm for bank charges 10
and fees in excess of the interest earned, if any. If the Earnest Money held by Selling Firm is over $10,000.00 Buyer 11
has the option to require Selling Firm to deposit the Earnest Money into the Housing Trust Fund Account, with the 12
interest paid to the State Treasurer, if both Seller and Buyer so agree in writing. If the Buyer does not complete an IRS 13
Form W-9 before Selling Firm must deposit the Earnest Money or the Earnest Money is $10,000.00 or less, the Earnest 14
Money shall be deposited into the Housing Trust Fund Account. Selling Firm may transfer the Earnest Money to Closing 15
Agent at Closing. If all or part of the Earnest Money is to be refunded to Buyer and any such costs remain unpaid, the 16
Selling Firm or Closing Agent may deduct and pay them therefrom. The parties instruct Closing Agent to provide written 17
verification of receipt of the Earnest Money and notice of dishonor of any check to the parties and Brokers at the 18
addresses and/or fax numbers provided herein. 19

Upon termination of this Agreement, a party or the Closing Agent may deliver a form authorizing the release of Earnest 20
Money to the other party or the parties. The party(s) shall execute such form and deliver the same to the Closing Agent. 21
If either party fails to execute the release form, a party may make a written demand to the Closing Agent for the Earnest 22
Money. Pursuant to RCW 64.04, Closing Agent shall deliver notice of the demand to the other party within 15 days. If 23
the other party does not object to the demand within 20 days of Closing Agent's notice, Closing Agent shall disburse the 24
Earnest Money to the party making the demand within 10 days of the expiration of the 20 day period. If Closing Agent 25
timely receives an objection or an inconsistent demand from the other party, Closing Agent shall commence an 26
interpleader action within 60 days of such objection or inconsistent demand, unless the parties provide subsequent 27
consistent instructions to Closing Agent to disburse the earnest money or refrain from commencing an interpleader 28
action for a specified period of time. Pursuant to RCW 4.28.080, the parties consent to service of the summons and 29
complaint for an interpleader action by first class mail, postage prepaid at the party's usual mailing address or the 30
address identified in this Agreement. If the Closing Agent complies with the preceding process, each party shall be 31
deemed to have released Closing Agent from any and all claims or liability related to the disbursal of the Earnest 32
Money. If either party fails to authorize the release of the Earnest Money to the other party when required to do so 33
under this Agreement, that party shall be in breach of this Agreement. For the purposes of this section, the term Closing 34
Agent includes a Selling Firm holding the Earnest Money. The parties authorize the party commencing an interpleader 35
action to deduct up to $500.00 for the costs thereof. 36

**c. Included Items.** Any of the following items, including items identified in Specific Term No. 5 if the corresponding box is 37
checked, located in or on the Property are included in the sale: built-in appliances; wall-to-wall carpeting; curtains, 38
drapes and all other window treatments; window and door screens; awnings; storm doors and windows; installed 39
television antennas; ventilating, air conditioning and heating fixtures; trash compactor; fireplace doors, gas logs and gas 40
log lighters; irrigation fixtures; electric garage door openers; water heaters; installed electrical fixtures; lighting fixtures; 41
shrubs, plants and trees planted in the ground; and other fixtures; and all associated operating remote controls. Unless 42
otherwise agreed, if any of the above items are leased or encumbered, Seller shall acquire clear title before Closing. 43

**d. Condition of Title.** Unless otherwise specified in this Agreement, title to the Property shall be marketable at Closing. 44
The following shall not cause the title to be unmarketable: rights, reservations, covenants, conditions and restrictions, 45
presently of record and general to the area; easements and encroachments, not materially affecting the value of or 46
unduly interfering with Buyer's reasonable use of the Property; and reserved oil and/or mining rights. Monetary 47
encumbrances or liens not assumed by Buyer, shall be paid or discharged by Seller on or before Closing. Title shall be 48
conveyed by a Statutory Warranty Deed. If this Agreement is for conveyance of a buyer's interest in a Real Estate 49
Contract, the Statutory Warranty Deed shall include a buyer's assignment of the contract sufficient to convey after 50
acquired title. 51

**e. Title Insurance.** Seller authorizes Buyer's lender or Closing Agent, at Seller's expense, to apply for the then-current 52
ALTA form of Homeowner's Policy of Title Insurance for One-to-Four Family Residence, from the Title Insurance 53
Company. If Seller previously received a preliminary commitment from a Title Insurance Company that Buyer declines 54
to use, Buyer shall pay any cancellation fees owing to the original Title Insurance Company. Otherwise, the party 55
applying for title insurance shall pay any title cancellation fee, in the event such a fee is assessed. If the Title Insurance 56
Company selected by the parties will not issue a Homeowner's Policy for the Property, the parties agree that the Title 57
Insurance Company shall instead issue the then-current ALTA standard form Owner's Policy, together with 58
homeowner's additional protection and inflation protection endorsements, if available. The Title Insurance Company 59

| | | | | | | |
|---|---|---|---|---|---|---|
| 05/04/2017 | | | | 5-6-2017 E.C. | | 5-6-2017 |
| Buyer's Initials | Date | Buyer's Initials | Date | Seller's Initials | Date | Seller's Initials | Date |

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39150D98-4201-40E0-9D07-040B316BA01F
Authentisign ID: BA12345554-7735C410F5FFF25FG84G55FE555557F

©Copyright 2017
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

**RESIDENTIAL REAL ESTATE PURCHASE AND SALE AGREEMENT**
**GENERAL TERMS**
*Continued*

shall send a copy of the preliminary commitment to Seller, Listing Broker, Buyer and Selling Broker. The preliminary 60
commitment, and the title policy to be issued, shall contain no exceptions other than the General Exclusions and 61
Exceptions in the Policy and Special Exceptions consistent with the Condition of Title herein provided. If title cannot be 62
made so insurable prior to the Closing Date, then as Buyer's sole and exclusive remedy, the Earnest Money shall, 63
unless Buyer elects to waive such defects or encumbrances, be refunded to the Buyer, less any unpaid costs described 64
in this Agreement, and this Agreement shall thereupon be terminated. Buyer shall have no right to specific performance 65
or damages as a consequence of Seller's inability to provide insurable title. 66

f.  **Closing and Possession.** This sale shall be closed by the Closing Agent on the Closing Date. If the Closing Date falls 67
on a Saturday, Sunday, legal holiday as defined in RCW 1.16.050, or day when the county recording office is closed, 68
the Closing Agent shall close the transaction on the next day that is not a Saturday, Sunday, legal holiday, or day when 69
the county recording office is closed. "Closing" means the date on which all documents are recorded and the sale 70
proceeds are available to Seller. Seller shall deliver keys and garage door remotes to Buyer on the Closing Date or on 71
the Possession Date, whichever occurs first. Buyer shall be entitled to possession at 9:00 p.m. on the Possession Date. 72
Seller shall maintain the Property in its present condition, normal wear and tear excepted, until the Buyer is entitled to 73
possession. Seller shall either repair or replace any system or appliance (including, but not limited to plumbing, heat, 74
electrical, and all Included Items) that becomes inoperative or malfunctions prior to Closing with a system or appliance 75
of at least equal quality. Buyer reserves the right to walk through the Property within 5 days of Closing to verify that 76
Seller has maintained the Property and systems/appliances as required by this paragraph. Seller shall not enter into or 77
modify existing leases or rental agreements, service contracts, or other agreements affecting the Property which have 78
terms extending beyond Closing without first obtaining Buyer's consent, which shall not be unreasonably withheld. If 79
possession transfers at a time other than Closing, the parties shall execute NWMLS Form 65A (Rental 80
Agreement/Occupancy Prior to Closing) or NWMLS Form 65B (Rental Agreement/Seller Occupancy After Closing) (or 81
alternative rental agreements) and are advised of the need to contact their respective insurance companies to assure 82
appropriate hazard and liability insurance policies are in place, as applicable. 83

RCW 19.27.530 requires the seller of any owner-occupied single-family residence to equip the residence with a carbon 84
monoxide alarm(s) in accordance with the state building code before a buyer or any other person may legally occupy 85
the residence following the sale The parties acknowledge that the Brokers are not responsible for ensuring that Seller 86
complies with RCW 19.27.530. Buyer and Seller shall hold the Brokers and their Firms harmless from any claim 87
resulting from Seller's failure to install a carbon monoxide alarm(s) in the Property. 88

g.  **Section 1031 Like-Kind Exchange.** If either Buyer or Seller intends for this transaction to be a part of a Section 1031 89
like-kind exchange, then the other party shall cooperate in the completion of the like-kind exchange so long as the 90
cooperating party incurs no additional liability in doing so, and so long as any expenses (including attorneys' fees and 91
costs) incurred by the cooperating party that are related only to the exchange are paid or reimbursed to the cooperating 92
party at or prior to Closing. Notwithstanding the Assignment paragraph of this Agreement, any party completing a 93
Section 1031 like-kind exchange may assign this Agreement to its qualified intermediary or any entity set up for the 94
purposes of completing a reverse exchange. 95

h.  **Closing Costs and Prorations and Charges and Assessments.** Seller and Buyer shall each pay one-half of the 96
escrow fee unless otherwise required by applicable FHA or VA regulations. Taxes for the current year, rent, interest, 97
and lienable homeowner's association dues shall be prorated as of Closing. Buyer shall pay Buyer's loan costs, 98
including credit report, appraisal charge and lender's title insurance, unless provided otherwise in this Agreement. If any 99
payments are delinquent on encumbrances which will remain after Closing, Closing Agent is instructed to pay such 100
delinquencies at Closing from money due, or to be paid by, Seller. Buyer shall pay for remaining fuel in the fuel tank if, 101
prior to Closing, Seller obtains a written statement from the supplier as to the quantity and current price and provides 102
such statement to the Closing Agent. Seller shall pay all utility charges, including unbilled charges. Unless waived in 103
Specific Term No. 12, Seller and Buyer request the services of Closing Agent in disbursing funds necessary to satisfy 104
unpaid utility charges in accordance with RCW 60.80 and Seller shall provide the names and addresses of all utilities 105
providing service to the Property and having lien rights (attach NWMLS Form 22K Identification of Utilities or 106
equivalent). 107

Buyer is advised to verify the existence and amount of any local improvement district, capacity or impact charges or 108
other assessments that may be charged against the Property before or after Closing. Seller will pay such charges that 109
are or become due on or before Closing. Charges levied before Closing, but becoming due after Closing shall be paid 110
as agreed in Specific Term No. 13. 111

i.  **Sale Information.** Listing Broker and Selling Broker are authorized to report this Agreement (including price and all 112
terms) to the Multiple Listing Service that published it and to its members, financing institutions, appraisers, and anyone 113
else related to this sale. Buyer and Seller expressly authorize all Closing Agents, appraisers, title insurance companies, 114
and others related to this Sale, to furnish the Listing Broker and/or Selling Broker, on request, any and all information 115
and copies of documents concerning this sale. 116

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 05/04/2017 | | | | 5·6·2017 E.C. | | 5-6-2017 | |
| Buyer's Initials | Date | Buyer's Initials | Date | Seller's Initials | Date | Seller's Initials | Date |

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39150D98-4201-40E0-9D07-040B316BA01F
Authentisign ID: BA1FBED9-7780D48B8BD04C084B505B57F

Form 21
Residential Purchase & Sale Agreement
Rev. 2/17
Page 4 of 5
©Copyright 2017
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

## RESIDENTIAL REAL ESTATE PURCHASE AND SALE AGREEMENT
### GENERAL TERMS
*Continued*

**j. Seller Citizenship and FIRPTA.** Seller warrants that the identification of Seller's citizenship status for purposes of U.S. 117
income taxation in Specific Term No. 14 is correct. Seller shall execute a certification (NWMLS Form 22E or equivalent) 118
under the Foreign Investment in Real Property Tax Act ("FIRPTA") at Closing and provide the certification to the Closing 119
Agent. If Seller is a foreign person for purposes of U.S. income taxation, and this transaction is not otherwise exempt 120
from FIRPTA, Closing Agent is instructed to withhold and pay the required amount to the Internal Revenue Service. 121

**k. Notices and Delivery of Documents.** Any notice related to this Agreement (including revocations of offers or 122
counteroffers) must be in writing. Notices to Seller must be signed by at least one Buyer and shall be deemed delivered 123
only when the notice is received by Seller, by Listing Broker, or at the licensed office of Listing Broker. Notices to Buyer 124
must be signed by at least one Seller and shall be deemed delivered only when the notice is received by Buyer, by 125
Selling Broker, or at the licensed office of Selling Broker. Documents related to this Agreement, such as NWMLS Form 126
17, Information on Lead-Based Paint and Lead-Based Paint Hazards, Public Offering Statement or Resale Certificate, 127
and all other documents shall be delivered pursuant to this paragraph. Buyer and Seller must keep Selling Broker and 128
Listing Broker advised of their whereabouts in order to receive prompt notification of receipt of a notice. 129

Facsimile transmission of any notice or document shall constitute delivery. E-mail transmission of any notice or 130
document (or a direct link to such notice or document) shall constitute delivery when: (i) the e-mail is sent to both Selling 131
Broker and Selling Firm or both Listing Broker and Listing Firm at the e-mail addresses specified on page one of this 132
Agreement; or (ii) Selling Broker or Listing Broker provide written acknowledgment of receipt of the e-mail (an automatic 133
e-mail reply does not constitute written acknowledgment). At the request of either party, or the Closing Agent, the 134
parties will confirm facsimile or e-mail transmitted signatures by signing an original document. 135

**l. Computation of Time.** Unless otherwise specified in this Agreement, any period of time measured in days and stated 136
in this Agreement shall start on the day following the event commencing the period and shall expire at 9:00 p.m. of the 137
last calendar day of the specified period of time. Except for the Possession Date, if the last day is a Saturday, Sunday 138
or legal holiday as defined in RCW 1.16.050, the specified period of time shall expire on the next day that is not a 139
Saturday, Sunday or legal holiday. Any specified period of 5 days or less, except for any time period relating to the 140
Possession Date, shall not include Saturdays, Sundays or legal holidays. If the parties agree that an event will occur on 141
a specific calendar date, the event shall occur on that date, except for the Closing Date, which, if it falls on a Saturday, 142
Sunday, legal holiday as defined in RCW 1.16.050, or day when the county recording office is closed, shall occur on the 143
next day that is not a Saturday, Sunday, legal holiday, or day when the county recording office is closed. If the parties 144
agree upon and attach a legal description after this Agreement is signed by the offeree and delivered to the offeror, then 145
for the purposes of computing time, mutual acceptance shall be deemed to be on the date of delivery of an accepted 146
offer or counteroffer to the offeror, rather than on the date the legal description is attached. Time is of the essence of 147
this Agreement. 148

**m. Integration and Electronic Signatures.** This Agreement constitutes the entire understanding between the parties and 149
supersedes all prior or contemporaneous understandings and representations. No modification of this Agreement shall 150
be effective unless agreed in writing and signed by Buyer and Seller. The parties acknowledge that a signature in 151
electronic form has the same legal effect and validity as a handwritten signature. 152

**n. Assignment.** Buyer may not assign this Agreement, or Buyer's rights hereunder, without Seller's prior written consent, 153
unless the parties indicate that assignment is permitted by the addition of "and/or assigns" on the line identifying the 154
Buyer on the first page of this Agreement. 155

**o. Default.** In the event Buyer fails, without legal excuse, to complete the purchase of the Property, then the following 156
provision, as identified in Specific Term No. 8, shall apply: 157

    **i. Forfeiture of Earnest Money.** That portion of the Earnest Money that does not exceed five percent (5%) of the 158
    Purchase Price shall be forfeited to the Seller as the sole and exclusive remedy available to Seller for such failure. 159

    **ii. Seller's Election of Remedies.** Seller may, at Seller's option, (a) keep the Earnest Money as liquidated damages 160
    as the sole and exclusive remedy available to Seller for such failure, (b) bring suit against Buyer for Seller's actual 161
    damages, (c) bring suit to specifically enforce this Agreement and recover any incidental damages, or (d) pursue 162
    any other rights or remedies available at law or equity. 163

**p. Professional Advice and Attorneys' Fees.** Buyer and Seller are advised to seek the counsel of an attorney and a 164
certified public accountant to review the terms of this Agreement. Buyer and Seller shall pay their own fees incurred for 165
such review. However, if Buyer or Seller institutes suit against the other concerning this Agreement the prevailing party 166
is entitled to reasonable attorneys' fees and expenses. 167

**q. Offer.** Buyer shall purchase the Property under the terms and conditions of this Agreement. Seller shall have until 9:00 168
p.m. on the Offer Expiration Date to accept this offer, unless sooner withdrawn. Acceptance shall not be effective until a 189
signed copy is received by Buyer, by Selling Broker or at the licensed office of Selling Broker. If this offer is not so 170
accepted, it shall lapse and any Earnest Money shall be refunded to Buyer. 171

| Buyer's Initials | Date | Buyer's Initials | Date | Seller's Initials | Date | Seller's Initials | Date |
|---|---|---|---|---|---|---|---|
| | 05/04/2017 | | | *ACB* 5-6-2017 E.C. | | 5-6-2017 | |

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39150D98-4201-40E0-9D07-040B316BA01F
Authentisign ID: 6A34BB98-7233A14EC8C0D0-CD94FA359E37F

©Copyright 2017
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

## RESIDENTIAL REAL ESTATE PURCHASE AND SALE AGREEMENT
### GENERAL TERMS
*Continued*

**r.** **Counteroffer.** Any change in the terms presented in an offer or counteroffer, other than the insertion of or change to 172
Seller's name and Seller's warranty of citizenship status, shall be considered a counteroffer. If a party makes a 173
counteroffer, then the other party shall have until 9:00 p.m. on the counteroffer expiration date to accept that 174
counteroffer, unless sooner withdrawn. Acceptance shall not be effective until a signed copy is received by the other 175
party, the other party's broker, or at the licensed office of the other party's broker. If the counteroffer is not so accepted, 176
it shall lapse and any Earnest Money shall be refunded to Buyer. 177

**s.** **Offer and Counteroffer Expiration Date.** If no expiration date is specified for an offer/counteroffer, the 178
offer/counteroffer shall expire 2 days after the offer/counteroffer is delivered by the party making the offer/counteroffer, 179
unless sooner withdrawn. 180

**t.** **Agency Disclosure.** Selling Firm, Selling Firm's Designated Broker, Selling Broker's Branch Manager (if any) and 181
Selling Broker's Managing Broker (if any) represent the same party that Selling Broker represents. Listing Firm, Listing 182
Firm's Designated Broker, Listing Broker's Branch Manager (if any), and Listing Broker's Managing Broker (if any) 183
represent the same party that the Listing Broker represents. If Selling Broker and Listing Broker are different persons 184
affiliated with the same Firm, then both Buyer and Seller confirm their consent to Designated Broker, Branch Manager 185
(if any), and Managing Broker (if any) representing both parties as dual agents. If Selling Broker and Listing Broker are 186
the same person representing both parties then both Buyer and Seller confirm their consent to that person and his/her 187
Designated Broker, Branch Manager (if any), and Managing Broker (if any) representing both parties as dual agents. All 188
parties acknowledge receipt of the pamphlet entitled "The Law of Real Estate Agency." 189

**u.** **Commission.** Seller and Buyer shall pay a commission in accordance with any listing or commission agreement to 190
which they are a party. The Listing Firm's commission shall be apportioned between Listing Firm and Selling Firm as 191
specified in the listing. Seller and Buyer hereby consent to Listing Firm or Selling Firm receiving compensation from 192
more than one party. Seller and Buyer hereby assign to Listing Firm and Selling Firm, as applicable, a portion of their 193
funds in escrow equal to such commission(s) and irrevocably instruct the Closing Agent to disburse the commission(s) 194
directly to the Firm(s). In any action by Listing or Selling Firm to enforce this paragraph, the prevailing party is entitled to 195
court costs and reasonable attorneys' fees. Seller and Buyer agree that the Firms are intended third party beneficiaries 196
under this Agreement. 197

**v.** **Cancellation Rights/Lead-Based Paint.** If a residential dwelling was built on the Property prior to 1978, and Buyer 198
receives a Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards (NWMLS Form 22J) after 199
mutual acceptance, Buyer may rescind this Agreement at any time up to 3 days thereafter. 200

**w.** **Information Verification Period.** Buyer shall have 10 days after mutual acceptance to verify all information provided 201
from Seller or Listing Firm related to the Property. This contingency shall be deemed satisfied unless Buyer gives notice 202
identifying the materially inaccurate information within 10 days of mutual acceptance. If Buyer gives timely notice under 203
this section, then this Agreement shall terminate and the Earnest Money shall be refunded to Buyer. 204

**x.** **Property Condition Disclaimer.** Buyer and Seller agree, that except as provided in this Agreement, all representations 205
and information regarding the Property and the transaction are solely from the Seller or Buyer, and not from any Broker. 206
The parties acknowledge that the Brokers are not responsible for assuring that the parties perform their obligations 207
under this Agreement and that none of the Brokers has agreed to independently investigate or confirm any matter 208
related to this transaction except as stated in this Agreement, or in a separate writing signed by such Broker. In 209
addition, Brokers do not guarantee the value, quality or condition of the Property and some properties may contain 210
building materials, including siding, roofing, ceiling, insulation, electrical, and plumbing, that have been the subject of 211
lawsuits and/or governmental inquiry because of possible defects or health hazards. Some properties may have other 212
defects arising after construction, such as drainage, leakage, pest, rot and mold problems. Brokers do not have the 213
expertise to identify or assess defective products, materials, or conditions. Buyer is urged to use due diligence to 214
inspect the Property to Buyer's satisfaction and to retain inspectors qualified to identify the presence of defective 215
materials and evaluate the condition of the Property as there may be defects that may only be revealed by careful 216
inspection. Buyer is advised to investigate whether there is a sufficient water supply to meet Buyer's needs. Buyer is 217
advised to investigate the cost of insurance for the Property, including, but not limited to homeowner's, flood, 218
earthquake, landslide, and other available coverage. Buyer and Seller acknowledge that home protection plans may be 219
available which may provide additional protection and benefit to Buyer and Seller. Brokers may assist the parties with 220
locating and selecting third party service providers, such as inspectors or contractors, but Brokers cannot guarantee or 221
be responsible for the services provided by those third parties. The parties shall exercise their own judgment and due 222
diligence regarding third-party service providers. 223

---

| | | | | | |
|---|---|---|---|---|---|
| 05/04/2017 | | AAG 5·6·2017 | E.C. | 5·6·2017 | |
| Buyer's Initials | Date | Buyer's Initials | Date | Seller's Initials | Date | Seller's Initials | Date |

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39150D98-4201-40E0-9D07-040B316BA01F

Form 22EF
Evidence of Funds Addendum
Rev. 2/17
Page 1 of 1

©Copyright 2017
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

**EVIDENCE OF FUNDS ADDENDUM
TO PURCHASE & SALE AGREEMENT**

The following is part of the Purchase and Sale Agreement dated    **May 03, 2017**                                    1

between    **JH Realty Inc. and/or assign**                                         ("Buyer")   2
          Buyer                                        Buyer

and    **Antonio Cruz-Alvarado**          **Ernestina Cruz**                    ("Seller")   3
          Seller                            Seller

concerning **9435      25th Ave SW**          **Seattle**     **WA  98106**    (the "Property").   4
         Address                         City         State  Zip

**1.    DEFINITIONS.**                                                                    5

    a. "Evidence" means document(s) from a financial institution(s) in the United States showing that Buyer has   6
       sufficient cash or cash equivalent in United States funds.                              7

    b. "Non-Contingent Funds" means funds that Buyer currently has in its possession and for which there is no   8
       contingency, such as financing (NWMLS Form 22A or equivalent), sale of Buyer's property (NWMLS Form   9
       22B or equivalent), or pending sale of Buyer's property (NWMLS Form 22Q or equivalent).       10

    c. "Contingent Funds" means funds that Buyer does not currently have, but expects to receive from another   11
       source prior to Closing, and for which there is no contingency, such as a loan, proceeds from the sale of   12
       other property or stock, retirement funds, foreign funds, a gift, or future earnings.          13

**2. ☐ EVIDENCE OF NON-CONTINGENT FUNDS.** Buyer is relying on Non-Contingent Funds for payment of the   14
    Purchase Price. Buyer shall provide Evidence to Seller of such funds within _____days (3 days if not   15
    filled in) of mutual acceptance. Unless Buyer discloses other sources of funds for the payment of the Purchase   16
    Price, Buyer represents that the Non-Contingent Funds are sufficient to pay the Purchase Price. Buyer shall not   17
    use such Non-Contingent Funds for any purpose other than the purchase of the Property without Seller's prior   18
    written consent. If Buyer fails to timely provide such Evidence, Seller may give notice terminating this   19
    Agreement any time before such Evidence is provided. Upon Seller's notice of termination under this   20
    Addendum, the Earnest Money shall be refunded to Buyer.                                  21

**3. ☑ DISCLOSURE OF SOURCES OF CONTINGENT FUNDS.** Buyer is relying on the following Contingent Funds   22
    for the Purchase Price:                                                                  23

    ☐ Sale of the following owned by Buyer: _____   24

    ☐ Gift of $ _____ from _____   25

    ☐ Funds not readily convertible to liquid United States funds (describe): _____   26

    _____   27

    ☑ Other (describe): **Funding source is Veristone Fund 1, LLC.** _____   28

    Buyer shall provide Evidence to Seller ____**5**____ days (10 days if not filled in) prior to Closing that the funds   29
    relied upon in Section 3 have been received or are immediately available to Buyer. If Buyer fails to timely   30
    provide such Evidence, Seller may give notice terminating this Agreement any time before such Evidence is   31
    provided. Buyer shall provide Seller with additional information about such funds as may be reasonably   32
    requested by Seller from time to time. Upon Seller's notice of termination under this Addendum, the Earnest   33
    Money shall be refunded to Buyer.                                                        34

**4.    BUYER DEFAULT.** If Buyer fails to timely close because the Contingent Funds identified in Paragraph 3 are   35
    not available by Closing, Buyer shall be in default and Seller shall be entitled to remedies as provided for in the   36
    Agreement.                                                                               37

| Buyer's Initials | Date 05/06/2017 | Buyer's Initials | Date | Seller's Initials | Date 5·6·2017 E.C. | Seller's Initials | Date 5·6·2017 |

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643

Authentisign ID: 39180D98-4201-40E0-9D07-040B316BA01F
Authentisign ID: BA3FBB9B-7268944BC6C47560-0204FBA90B9EF

©Copyright 2010
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

## DISCLOSURE OF INFORMATION ON LEAD-BASED PAINT AND LEAD-BASED PAINT HAZARDS
### Addendum to Purchase & Sale or Lease Agreement

The following is part of the Purchase and Sale Agreement dated _____ May 3, 2017 _____ 1

between __ JH Realty, Inc and/ or assign _____ ("Buyer" and/or "Lessee") 2
    Buyer and/or Lessee            Buyer and/or Lessee

and __ Antonio Cruz _____ Ernestina Cruz _____ ("Seller" and/or "Lessor") 3
    Seller and/or Lessor          Seller and/or Lessor

concerning 9435    25th Ave SW      Seattle      WA   98106 _____ (the "Property"). 4
    Address            City          State   Zip

### Purchase & Sale Agreement Lead Warning Statement      5

*Every purchaser of any interest in residential real property on which a residential dwelling was built prior to* 6
*1978 is notified that such property may present exposure to lead from lead-based paint that may place young* 7
*children at risk of developing lead poisoning. Lead poisoning in young children may produce permanent* 8
*neurological damage, including learning disabilities, reduced intelligence quotient, behavioral problems and* 9
*impaired memory. Lead poisoning also poses a particular risk to pregnant women. The seller of any interest in* 10
*residential real property is required to provide the buyer with any information on lead-based paint hazards from* 11
*risk assessments or inspections in the seller's possession and notify the buyer of any known lead-based paint* 12
*hazards. A risk assessment or inspection for possible lead-based paint hazards is recommended prior to* 13
*purchase.* 14

### Lease Agreement Lead Warning Statement      15

*Housing built before 1978 may contain lead-based paint. Lead from paint, paint chips, and dust can pose health* 16
*hazards if not taken care of properly. Lead exposure is especially harmful to young children and pregnant* 17
*women. Before renting pre-1978 housing, landlords must disclose the presence of known lead-based paint and* 18
*lead-based paint hazards in the dwelling. Tenants must also receive a Federally approved pamphlet on lead* 19
*poisoning prevention.* 20

### Cancellation Rights      21

*If a residential dwelling was built on the Property prior to 1978, Buyer may rescind the Agreement at any time* 22
*up to 3 days after Buyer receives this Disclosure, unless Buyer receives this disclosure prior to entering* 23
*the Agreement.* 24

**NOTE:** In the event of pre-closing possession of more than 100 days by Buyer, the term Buyer also means Tenant. 25

### Seller's/Lessor's Disclosure      26

(a) Presence of lead-based paint and/or lead-based paint hazards (check one below): 27
     ☐ Known lead-based paint and/or lead-based paint hazards are present in the housing (explain). 28
     ☒ Seller/Lessor has no knowledge of lead-based paint and/or lead-based paint hazards in the housing. 29

(b) Records and reports available to the Seller/Lessor (check one below): 30
     ☐ Seller/Lessor has provided the Buyer/Lessee with all available records and reports pertaining to lead- 31
       based paint and/or lead-based paint hazards in the housing (list documents below). 32

     _____ 33
     _____ 34

     ☒ Seller/Lessor has no reports or records pertaining to lead-based paint and/or lead-based paint hazards 35
       in the housing. 36

Seller has reviewed the information above and certifies, to the best of Seller's knowledge, that the statements made 37
and information provided by Seller are true and accurate. 38

_Ernestina Cruz_     4-01-17             _X_          04/01/17 39
Seller/Lessor       Date                 Seller/Lessor            Date

05/04/2017                    _E.C._    4-01-17   _ACG_ 04/01/17
Buyer/Lessee Initials   Date    Buyer/Lessee Initials   Date      Seller/Lessor Initials   Date   Seller/Lessor Initials   Date

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643

Authentisign ID: 38160D98-4201-40E0-9D07-040B316BA01F
Authentisign ID: 8A94EF49-7230-4487-82DD-D6098-5068EEF

Form 22J
Disclosure Lead Based Paint & Hazards
Rev. 7/10
Page 2 of 2

©Copyright 2010
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

## DISCLOSURE OF INFORMATION ON LEAD-BASED PAINT AND LEAD-BASED PAINT HAZARDS

Addendum to Purchase & Sale or Lease Agreement

*Continued*

**Buyer's/Lessee's Acknowledgment**    40

(c) Buyer/Lessee has received copies of all information listed above.    41

(d) Buyer/Lessee has received the pamphlet "Protect Your Family from Lead in Your Home."    42

(e) Buyer has (check one below only if Purchase and Sale Agreement):    43

☑ Waived the opportunity to conduct a risk assessment or inspection for the presence of lead-based paint 44
and/or lead-based paint hazards. 45

☐ Accepted an opportunity to conduct a risk assessment or inspection for the presence of lead-based 46
paint and/or lead-based paint hazards on the following terms and conditions: 47

This Agreement is conditioned upon a risk assessment or inspection of the Property for the presence of 48
lead-based paint and/or lead-based paint hazards, to be performed by a risk assessor or inspector at 49
the Buyer's expense. (Intact lead-based paint that is in good condition is not necessarily a hazard. See 50
the EPA pamphlet "Protect Your Family From Lead in Your Home" for more information). 51

This contingency SHALL CONCLUSIVELY BE DEEMED SATISFIED (WAIVED) unless Buyer gives 52
written notice of disapproval of the risk assessment or inspection to the Seller within _____ 53
(10 days if not filled in) after receiving this Disclosure. Buyer's notice must identify the specific existing 54
deficiencies and corrections needed and must include a copy of the inspection and/or risk assessment 55
report. 56

The Seller may, at the Seller's option, within _____ days (3 days if not filled in) after Seller's 57
receipt of Buyer's disapproval notice, give written notice that Seller will correct the conditions identified 58
by Buyer. If Seller agrees to correct the conditions identified by Buyer, then it shall be accomplished at 59
Seller's expense prior to the closing date, and Seller shall provide Buyer with certification from a risk 60
assessor or inspector demonstrating that the condition(s) has been remedied prior to the closing date. 61
In lieu of correction, the parties may agree on any other remedy for the disapproved condition(s), 62
including but not limited to cash payments from Seller to Buyer or adjustments in the purchase price. If 63
such an agreement on non-repair remedies is secured in writing before the expiration of the time period 64
set forth in this subparagraph, then this contingency will be deemed satisfied. 65

If the Seller does not give notice that the Seller will correct the conditions identified in Buyer's risk 66
assessment or inspection, or if the parties cannot reach an agreement on alternative remedies, then 67
Buyer may elect to give notice of termination of this Agreement within _____ days (3 days if not 68
filled in) after expiration of the time limit in the preceding subparagraph or delivery of the Seller's notice 69
pursuant to the preceding subparagraph, whichever first occurs. The earnest money shall then be 70
returned to the Buyer and the parties shall have no further obligations to each other. Buyer's failure to 71
give a written notice of termination means that the Buyer will be required to purchase the Property 72
without the Seller having corrected the conditions identified in Buyer's risk assessment or inspection 73
and without any alternative remedy for those conditions. 74

Buyer waives the right to receive an amended Real Property Transfer Disclosure Statement (NWMLS 75
Form No. 17 or equivalent) pursuant to RCW 64.06 based on any conditions identified in inspection 76
and/or risk assessment report(s). 77

Buyer has reviewed the information above and certifies, to the best of Buyer's knowledge, that the statements made 78
by Buyer are true and accurate. 79

_____    _____    80
Buyer/Lessee      Date      Buyer/Lessee      Date

**Brokers' Acknowledgment**    81

Brokers have informed the Seller/Lessor of the Seller's/Lessor's obligations under 42 U.S.C. 4852(d) and are 82
aware of their responsibility to ensure compliance. 83

Jared Holland    05/04/2017      Hannah Rukowij    4-1-2017
_____    _____
Selling Broker      Date      Listing Broker      Date

05/04/2017      E.C.    4-01-17    A.C.A    04/01/17
_____    _____    _____    _____
Buyer/Lessee Initials   Date    Buyer/Lessee Initials   Date    Seller/Lessor Initials   Date    Seller/Lessor Initials   Date

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39150D95-4201-40E0-9D07-040B316BA01F
Authentisign ID: 5A3FEB9B-7236946F-B0B6-CB8F8A099B57

Form 22K
Identification of Utilities Addendum
Rev. 5/14
Page 1 of 1

**IDENTIFICATION OF UTILITIES**
**ADDENDUM TO PURCHASE AND SALE AGREEMENT**

©Copyright 2014
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

The following is part of the Purchase and Sale Agreement dated **May 3, 2017**    1

between   **JH Realty, Inc and/ or assign**     ("Buyer")   2
    Buyer       Buyer

and    **Antonio Cruz**      **Ernestina Cruz**     ("Seller")   3
    Seller       Seller

concerning **9435   25th Ave SW**    **Seattle**    **WA   98106**   (the "Property").   4
    Address      City     State   Zip

Pursuant to RCW 60.80, Buyer and Seller request the Closing Agent to administer the disbursement of closing funds   5
necessary to satisfy unpaid utility charges, if any, affecting the Property. The names and addresses of all utilities   6
providing service to the Property and having lien rights are as follows:   7

WATER DISTRICT:     *CITY OF SEATTLE*   8
      Name   9
      Address   10
      City, State, Zip

SEWER DISTRICT:    *CITY OF SEATTLE*    Fax. No.   11
      Name   12
      Address   13
      City, State, Zip

IRRIGATION DISTRICT:   *N/A*    Fax. No.   14
      Name   15
      Address   16
      City, State, Zip

GARBAGE:    *CITY OF SEATTLE*    Fax. No.   17
      Name   18
      Address   19
      City, State, Zip

ELECTRICITY:    *CITY OF SEATTLE*    Fax. No.   20
      Name   21
      Address   22
      City, State, Zip

GAS:    *PUGET SOUND ENERGY*    Fax. No.   23
      Name   24
      Address   25
      City, State, Zip

SPECIAL DISTRICT(S):    Fax. No.   26
(local improvement districts or
utility local improvement districts)    Name   27
      Address   28
      City, State, Zip    Fax. No.

If the above information has not been filled in at the time of mutual acceptance of this Agreement, then (1)   29
within _____ days (5 if not filled in) of mutual acceptance of this Agreement, Seller shall provide the Listing   30
Broker or Selling Broker with the names and addresses of all utility providers having lien rights affecting the Property   31
and (2) Buyer and Seller authorize Listing Broker or Selling Broker to insert into this Addendum the names and   32
addresses of the utility providers identified by Seller.   33

Nothing in this Addendum shall be construed to diminish or alter the Seller's obligation to pay all utility charges   34
(including unbilled charges). Buyer understands that the Listing Broker and Selling Broker are not responsible for, or   35
to insure payment of, Seller's utility charges.   36

05/04/2017          *E.C.*   4-01-17    *A.C.*   04/01/17

Buyer's Initials   Date     Buyer's Initials   Date     Seller's Initials   Date     Seller's Initials   Date

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643

Authentisign ID: 39150D88-4201-40E0-9D07-040B316BA01F

Form 31
Earnest Money Promissory Note
Rev. 7/10
Page 1 of 1

©Copyright 2010
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

## EARNEST MONEY PROMISSORY NOTE

$ _____5,000.00_____ _____Seattle_____ , Washington  1

FOR VALUE RECEIVED, __JH Realty Inc. and/or assign_____  2
        <sub>Buyer</sub>

_____ ("Buyer")  3
<sub>Buyer</sub>

agree(s) to pay to the order of _____Best Escrow, LLC._____ (Selling Firm or Closing Agent)  4

the sum of __Five Thousand_____ Dollars  5

($ __5,000.00_____), as follows:  6

☐  within 3 days following mutual acceptance of the Purchase and Sale Agreement.  7

☑  * by May 12, 2017 _____ .  8

This Note is evidence of the obligation to pay Earnest Money under a real estate Purchase and  9

Sale Agreement between the Buyer and __Antonio Cruz-Alvarado_____  10
                                 <sub>Seller</sub>

__Ernestina Cruz_____ ("Seller")  11
<sub>Seller</sub>

dated __May 03, 2017_____. Buyer's failure to pay the Earnest Money  12
strictly as above shall constitute default on said Purchase and Sale Agreement as well as on this Note.  13

If this Note shall be placed in the hands of an attorney for collection, or if suit shall be brought to collect  14
any of the balance due on this Note, the Buyer promises to pay reasonable attorneys' fees, and all  15
court and collection costs.  16

Date: _____05/06/2017_____  17

                BUYER  _____  18
                                      5/6/2017 4:07:40 PM PDT

                BUYER  _____  19

* "On closing" or similar language is not recommended. Use a definite date.

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39150D96-4201-40E9-9D07-040B316BA01F
Authentisign ID: 81246B10-7543-4862-8BE7-44809FA94EEB
Authentisign ID: 5C161169A-79EE-4A67-9A9C-6694BD610592

Form 34
Addendum/Amendment to P&S
Rev. 7/10
Page 1 of 1

©Copyright 2010
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

## ADDENDUM / AMENDMENT TO PURCHASE AND SALE AGREEMENT

The following is part of the Purchase and Sale Agreement dated   May 3, 2017                          1

between   JH Realty, Inc and/or assign _____ ("Buyer") 2
         Buyer                              Buyer

and   Antonio Cruz-Alvarado _____   Ernestina Cruz _____ ("Seller") 3
       Seller                             Seller

concerning 9435     25th Ave SW       Seattle     WA  98106    (the "Property"). 4
         Address                        City        State   Zip

IT IS AGREED BETWEEN THE SELLER AND BUYER AS FOLLOWS:              5

Buyer is purchasing the property in "As Is" condition as to all major functioning systems, including   6
but not limited to electrical, HVAC, structural, plumbing, as well as to the property's condition     7
regarding pests, hazardous substances, and soils/stability.                   8
                                                                9

Buyer acknowledges that the decision to purchase the property was based on their own investigation   10
and/or hired their own professional and licensed inspector to conduct an inspection of the property,   11
and that Buyer has not relied on representations by the Sellers, Listing Broker or Selling Broker.    12
                                                               13
                                                               14

Seller's name is hereby amended to "Antonio Cruz-Alvarado" wherever it appears as "Antonio    15
Cruz" in this Purchase and Sale contract, related addenda and all seller disclosures.         16
                                                               17
   18
   19
   20
   21

_GC9_
_E.C._
Inspection is purely for informational purposes and price will not be renegotiated after    22
mutual acceptance.                                               23
   24
   25

_GC9_
_E.C._
JH Realty, Inc is owned and operated by a licensed real estate broker.            26
   27
   28
   29
   30

_GC9_
_E.C._
Buyer will release $5,000 earnest money to seller within 3 days of being deposited into
escrow to be used for moving expenses or other expenses.

ALL OTHER TERMS AND CONDITIONS of said Agreement remain unchanged.        31

       05/04/2017                      GCG  04/30/17   E C  4-30-17
Buyer's Initials   Date    Buyer's Initials   Date     Seller's Initials   Date    Seller's Initials   Date

                                           5·6·2017 GC9    5·6·2017 EC

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643

Authentisign ID: 39150D98-4201-40E0-9D07-040B316BA01F

Form 34 A
Addendum/Amendment to P&S
Rev. 7/10
Page 1 of 1

©Copyright 2010
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

## ADDENDUM / AMENDMENT TO PURCHASE AND SALE AGREEMENT

The following is part of the Purchase and Sale Agreement dated __May 03, 2017__ 1

between __JH Realty Inc. and/or assign__ ("Buyer") 2
     Buyer            Buyer

and __Antonio Cruz-Alvarado__      __Ernestina Cruz__ ("Seller") 3
     Seller            Seller

concerning __9435    25th Ave SW__     __Seattle__    __WA__   __98106__ (the "Property"). 4
     Address            City      State  Zip

IT IS AGREED BETWEEN THE SELLER AND BUYER AS FOLLOWS:     5

**This form shall be called Form 34A: Early Possession Credit to Seller**     6
  7
**Buyer shall provide Seller an additional $3,000 "early possession credit" for Seller's moving** 8
**expenses, provided Seller and all their family members and/or current residents vacate the property** 9
**and deliver keys to Buyer by June 9, 2017 at 3 pm. Such credit shall be paid directly to Seller's** 10
**choice of mover and applied/paid toward Seller's moving expenses no later than June 9, 2017 at 5** 11
**pm. Buyer reserves the right to verify Seller has vacated property prior to transferring funds to** 12
**Seller's movers and shall not be obligated to pay all or part of this credit unless the home has been** 13
**completely vacated. Buyer shall verify Seller has vacated property no later than 4 pm on June 9,** 14
**2017.** 15
  16
  17
  18
  19
  20
  21
  22
  23
  24
  25
  26
  27
  28
  29
  30

ALL OTHER TERMS AND CONDITIONS of said Agreement remain unchanged.     31

| | | | | | |
|---|---|---|---|---|---|
| [A] 05/06/2017 | | | GG 5·6·2017 | E.C. 5·6·2017 | |
| Buyer's Initials  Date | Buyer's Initials  Date | | Seller's Initials  Date | Seller's Initials  Date | |

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39150D98-4201-40E0-9D07-040B318BA01F

Form 34 *B*
Addendum/Amendment to P&S
Rev. 7/10
Page 1 of 1

©Copyright 2010
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

## ADDENDUM / AMENDMENT TO PURCHASE AND SALE AGREEMENT

The following is part of the Purchase and Sale Agreement dated **May 03, 2017**                  1

between      **JH Realty Inc. and/or assign**                                                       ("Buyer") 2
             Buyer                                    Buyer

and          **Antonio Cruz-Alvarado**           **Ernestina Cruz**                                 ("Seller") 3
             Seller                               Seller

concerning **9435        25th Ave SW**          **Seattle**           **WA   98106**     (the "Property"). 4
           Address                              City                  State  Zip

IT IS AGREED BETWEEN THE SELLER AND BUYER AS FOLLOWS:                                                5

**This form shall be called Form 34 B:  Conversion of Earnest Money to Non-Refundable Deposit.**    6
                                                                                                    7
**Buyer and Seller agree that said earnest money shall be released by Escrow to Seller within three** 8
**days of being deposited.  Deposit of earnest money shall occur on or before May 12, 2017. Buyer** 9
**agrees that upon the earnest money being released by escrow to Seller as provided herein, said funds** 10
**shall become a non-refundable deposit applicable toward the purchase price, and shall no longer be** 11
                                                                                                    12
**earnest money. In the event this transaction fails to close for any reason, said non-refundable deposit** 13
**shall remain the property of the Seller and will not be refunded to the Buyer for any reason.**   14
**Provided, any earnest money funds not converted shall be disposed of according to the terms of the** 15
**Purchase and Sale Agreement. Nothing in this paragraph precludes Buyer from legal remedies for** 16
                                                                                                    17
**Seller's breach or default.**                                                                     18
                                                                                                    19
                                                                                                    20
                                                                                                    21
                                                                                                    22
                                                                                                    23
                                                                                                    24
                                                                                                    25
                                                                                                    26
                                                                                                    27
                                                                                                    28
                                                                                                    29
                                                                                                    30

ALL OTHER TERMS AND CONDITIONS of said Agreement remain unchanged.                                  31

05/06/2017                                                    5·6·2017 E.C.      5·6·2017

Buyer's Initials      Date      Buyer's Initials      Date      Seller's Initials      Date      Seller's Initials      Date

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39150D88-4201-40E0-9D07-040B316BA01F
Authentisign ID: BA5...F

Form 35
Inspection Addendum
Rev. 7/15
Page 1 of 2

©Copyright 2015
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

## INSPECTION ADDENDUM TO PURCHASE AND SALE AGREEMENT

The following is part of the Purchase and Sale Agreement dated __May 3, 2017__    1

between __JH Realty, Inc and/or assign__ ("Buyer")   2
        Buyer

and __Antonio Cruz__       __Ernestina Cruz__     ("Seller")   3
    Seller            Seller

concerning __9435 25th Ave Sw__     __Seattle__    __WA__   __98106__   (the "Property").   4
    Address         City      State   Zip

1. ☒ a. **INSPECTION CONTINGENCY.** This Agreement is conditioned on Buyer's subjective satisfaction with   5
inspections of the Property and the improvements on the Property. Buyer's inspections may include, at   6
Buyer's option and without limitation, the structural, mechanical and general condition of the   7
improvements to the Property, compliance with building and zoning codes, an inspection of the Property   8
for hazardous materials, a pest inspection, and a soils/stability inspection. The inspection must be   9
performed by Buyer or a person licensed (or exempt from licensing) under Chapter 18.280 RCW.   10

    **Sewer Inspection.** Buyer's inspection of the Property ❑ may; ❑ may not (may, if not checked) include   11
an inspection of the sewer system, which may include a sewer line video inspection and assessment and   12
may require the inspector to remove toilets or other fixtures to access the sewer line.   13

    **Buyer's Obligations.** All inspections are to be (a) ordered by Buyer, (b) performed by inspectors of   14
Buyer's choice, and (c) completed at Buyer's expense. Buyer shall not alter the Property or any   15
improvements on the Property without first obtaining Seller's permission. Buyer is solely responsible for   16
interviewing and selecting all inspectors. Buyer shall restore the Property and all improvements on the   17
Property to the same condition they were in prior to the inspection. Buyer shall be responsible for all   18
damages resulting from any inspection of the Property performed on Buyer's behalf.   19

    **BUYER'S NOTICE.** This inspection contingency SHALL CONCLUSIVELY BE DEEMED WAIVED   20
unless within __5__ days (10 days if not filled in) after mutual acceptance of this Agreement (the "Initial   21
Inspection Period"), Buyer gives notice (1) approving the inspection and waiving this contingency; (2)   22
disapproving the inspection and terminating the Agreement; (3) that Buyer will conduct additional inspections;   23
or (4) proposing repairs to the property or modifications to the Agreement. If Buyer disapproves the inspection   24
and terminates the Agreement, the Earnest Money shall be refunded to Buyer. If Buyer proposes repairs to the   25
property or modifications to the Agreement, including adjustments to the purchase price or credits for repairs to   26
be performed after Closing, the parties shall negotiate as set forth in paragraph 1.c, below. The parties may   27
use NWMLS Form 35R to give notices required by this Addendum.   28

    **ATTENTION BUYER:** If Buyer fails to give timely notice, then this inspection contingency shall be   29
deemed waived and Seller shall not be obligated to make any repairs or modifications.   30

   b. **Additional Inspections.** If an inspector so recommends, Buyer may obtain further evaluation of any item   31
by a specialist at Buyer's option and expense if, on or before the end of the Initial Inspection Period,   32
Buyer provides Seller a copy of the inspector's recommendation and notice that Buyer will seek additional   33
inspections. If Buyer gives timely notice of additional inspections, Buyer shall have _____ (5 days if   34
not filled in) after giving the notice to obtain the additional inspection(s) by a specialist.   35

   c. **Buyer's Requests for Repairs or Modifications.** If Buyer requests repairs or modifications under   36
paragraph 1.a or 1.b. above, the parties shall negotiate as set forth in this paragraph. All requests,   37
responses, and replies made in accordance with the following procedures are irrevocable for the time   38
period provided.   39

     (i) **Seller's Response to Request for Repairs or Modifications.** Seller shall have _____ days (3   40
days if not filled in) after receipt of Buyer's request for repairs or modifications to give notice that Seller   41
(a) agrees to the repairs or modifications proposed by Buyer; (b) agrees to some of the repairs or   42
modifications proposed by Buyer; (c) rejects all repairs or modifications proposed by Buyer; or (d)   43
offers different or additional repairs or modifications. If Seller agrees to the terms of Buyer's request for   44
repairs or modifications, this contingency shall be satisfied and Buyer's Reply shall not be necessary. If   45
Seller does not agree to all of Buyer's repairs or modifications, Buyer shall have an opportunity to   46
reply, as follows:   47

05/04/2017                  _A.C.C_   5·6·2017   E.C.   5·6·2017

Buyer's Initials    Date     Buyer's Initials    Date    Seller's Initials    Date    Seller's Initials    Date

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39150D28-4701-40E0-9D07-049B316BA01F
Authentisign ID: 8A356DF8-7A6B-4484-B8DB-04C097BA935F

©Copyright 2015
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

### INSPECTION ADDENDUM TO PURCHASE AND SALE AGREEMENT
*Continued*

**(ii) Buyer's Reply.** If Seller does not agree to all of the repairs or modifications proposed by Buyer, Buyer 48
shall have _____ days (3 days if not filled in) from either the day Buyer receives Seller's response 49
or, if Seller fails to respond, the day Seller's response period ends, whichever is earlier, to (a) accept 50
the Seller's response at which time this contingency shall be satisfied; (b) agree with the Seller on 51
other remedies; or (c) disapprove the inspection and terminate the Agreement, in which event, the 52
Earnest Money shall be refunded to Buyer. 53

**ATTENTION BUYER:** These time periods for negotiating repairs or modifications shall not repeat. The 54
parties must either reach a written agreement or Buyer must terminate this Agreement by the Buyer's 55
Reply deadline set forth in paragraph 1.c.ii. Buyer's inaction during Buyer's reply period shall result in 56
waiver of this inspection condition, in which case Seller shall not be obligated to make any repairs or 57
modifications whatsoever AND THIS CONTINGENCY SHALL BE DEEMED WAIVED. 58

**d. Repairs.** If Seller agrees to make the repairs proposed by Buyer, then repairs shall be accomplished at 59
Seller's expense in a commercially reasonable manner and in accordance with all applicable laws no 60
fewer than _____ days (3 days if not filled in) prior to the Closing Date. In the case of hazardous 61
materials, "repair" means removal or treatment (including but not limited to removal or, at Seller's option, 62
decommissioning of any oil storage tanks) of the hazardous material at Seller's expense as 63
recommended by and under the direction of a professional selected by Seller. Seller's repairs are subject 64
to re-inspection and approval, prior to Closing, by the inspector who recommended the repair, if Buyer 65
elects to order and pay for such re-inspection. If Buyer agrees to pay for any repairs prior to Closing, the 66
parties are advised to seek the counsel of an attorney to review the terms of that agreement. 67

**e. Oil Storage Tanks.** Any inspection regarding oil storage tanks or contamination from such tanks shall be 68
limited solely to determining the presence or non-presence of oil storage tanks on the Property, unless 69
otherwise agreed in writing by Buyer and Seller. 70

**f. On-site Sewage Disposal Systems Advisory:** Buyer is advised that on-site sewage disposal systems, 71
including "septic systems," are subject to strict governmental regulation and occasional malfunction and 72
even failure. Buyer is advised to consider conducting an inspection of any on-site sewage system in 73
addition to the inspection of the Property provided by this Form 35 by including an appropriate on-site 74
sewage disposal inspection contingency such as NWMLS Form 22S (Septic Addendum). 75

**2.** ☐ **NEIGHBORHOOD REVIEW CONTINGENCY:** Buyer's inspection includes Buyer's subjective satisfaction 76
that the conditions of the neighborhood in which the Property is located are consistent with the Buyer's 77
intended use of the Property (the "Neighborhood Review"). The Neighborhood Review may include Buyer's 78
investigation of the schools, proximity to bus lines, availability of shopping, traffic patterns, noise, parking and 79
investigation of other neighborhood, environmental and safety conditions the Buyer may determine to be 80
relevant in deciding to purchase the Property. If Buyer does not give notice of disapproval of the 81
Neighborhood Review within _____ (3 days if not filled in) of mutual acceptance of the Agreement, then 82
this Neighborhood Review condition shall conclusively be deemed satisfied (waived). If Buyer gives a timely 83
notice of disapproval, then this Agreement shall terminate and the Earnest Money shall be refunded to 84
Buyer. 85

**3.** ☐ **PREINSPECTION CONDUCTED.** Buyer, prior to mutual acceptance of this Agreement, conducted a 86
building, hazardous substances, building and zoning code, pest or soils/stability inspection of the Property, 87
and closing of this Agreement is not conditioned on the results of such inspections. Buyer elects to buy the 88
Property in its present condition and acknowledges that the decision to purchase the property was based on 89
Buyer's prior inspection and that Buyer has not relied on representations by Seller, Listing Broker or Selling 90
Broker. 91

**4.** ☐ **WAIVER OF INSPECTION.** Buyer has been advised to obtain a building, hazardous substances, building 92
and zoning code, pest or soils/stability inspection, and to condition the closing of this Agreement on the 93
results of such inspections, but Buyer elects to waive the right and buy the Property in its present condition. 94
Buyer acknowledges that the decision to waive Buyer's inspection options was based on Buyer's personal 95
inspection and Buyer has not relied on representations by Seller, Listing Broker or Selling Broker. 96

| 05/04/2017 | | | | _ALG_ 5-6-2017 | E.C. | 5-6-2017 |
|---|---|---|---|---|---|---|
| Buyer's Initials | Date | Buyer's Initials | Date | Seller's Initials | Date | Seller's Initials | Date |

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39160D98-4201-40E0-9D07-040B316BA01F

Form 65B
Rental – Delayed Occupancy
Rev. 7/15
Page 1 of 2

**RENTAL AGREEMENT**
Seller Occupancy After Closing

©Copyright 2015
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

Date: **May 03, 2017**    1

Tenant(s) __**Antonio Cruz-Alvarado**__      __**Ernestina Cruz**__    2
<span>Seller/Tenant</span>              <span>Seller/Tenant</span>

agree(s) to rent from Landlord __**JH Realty Inc. and/or assign**__    3
<span>Buyer/Landlord</span>           <span>Buyer/Landlord</span>

the property commonly known as __9435__    __25th Ave SW__      __Seattle__    4
<span>Address</span>                  <span>City</span>

__**WA**__  __98106__    __King__      (the "Property") on the following terms and conditions:  5
<span>State  Zip</span>   <span>County</span>

1. **RENT.** The rent shall be $ __0.00__ per __**month**__ . Landlord acknowledges receipt of rent in the amount of  6
   $ __0.00__ for the period of __6/1/2017 to 6/29/3017__ . Future rent shall be payable as follows:  7
   Rent shall be payable to __JH Realty, Inc.__     8
   at __11900 NE 1st St, Suite 300, Bellevue 98005, Tel: (425) 401-0606__ .  9

2. **POSSESSION.** Tenant is entitled to possession on the closing of the sale. If the sale does not close, then this  10
   Agreement is void.  11

3. **TERM.** This Agreement shall terminate on _____. Upon termination, any advance rent shall be  12
   pro-rated on a daily basis, and the unused portion refunded to Tenant immediately upon Tenant's vacating the  13
   Property.  14

4. **INSURANCE.** Landlord agrees to insure the Property against fire and other normal casualties. All proceeds of any  15
   such policy shall be payable to Landlord alone. Landlord shall have no responsibility for insuring anything in or on  16
   the Property which belongs to Tenant. Tenant is advised that renter's insurance is available to Tenant for  17
   coverage related to liability for bodily injury, property damage, and for the theft, loss, or damage to Tenant's  18
   personal property.  19

5. **UTILITIES.** Tenant agrees to pay for all utilities, including garbage collection charges, during the term of the  20
   Agreement.  21

6. **IMPROVEMENTS.** Tenant shall not be entitled to make any improvements or alterations to the Property, including  22
   painting, during the term of this Agreement, without the written permission of Landlord. Tenant will return the  23
   Property to Landlord in as good a condition as it presently is, ordinary wear and tear excepted.  24

7. **SUBLETTING OR ASSIGNMENT.** Tenant may not sublet the Property and may not assign Tenant's rights under  25
   this Agreement.  26

8. **CITY OF SEATTLE RENTAL REGULATION ORDINANCE.** If the Property is located within the City of Seattle,  27
   then a copy of a summary of city and state landlord/tenant laws is attached. Tenant hereby acknowledges receipt  28
   of a copy of the summary.  29

9. **RELEASE OF REAL ESTATE FIRMS.** Landlord and Tenant release all real estate firms and brokers involved  30
   with this Agreement between Landlord and Tenant and agree to indemnify all real estate firms and brokers from  31
   any and all claims arising under this Agreement.  32

10. **ATTORNEYS' FEES.** In the event either party employs an attorney to enforce any terms of this Agreement and is  33
    successful, the other party agrees to pay reasonable attorneys' fees. In the event of a trial, the amount of fees  34
    shall be as fixed by the Court.  35

__[signature]__ 05/06/2017    _____    __A.C.C. 5-6-2017 E.C.__    __5-6-2017__
<span>Landlord's Initials   Date</span>   <span>Landlord's Initials   Date</span>   <span>Tenant's Initials   Date</span>   <span>Tenant's Initials   Date</span>

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39160D98-4201-40E0-9D07-040B316BA01F

**RENTAL AGREEMENT**
Seller Occupancy After Closing
*(Continued)*

©Copyright 2015
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

11. **SMOKE DETECTOR.** Tenant acknowledges and Lessor certifies that the Property is equipped with a smoke 36
detector(s) as required by RCW 43.44.110 and that the detector(s) has/have been tested and is/are operable. It is 37
Tenant's responsibility to maintain the smoke detector(s) as specified by the manufacturer, including replacement 38
of batteries, if required. In addition, if the Property is a multi-family building (more than one unit), Lessor makes 39
the following disclosures: 40

    (a) The smoke detection device is ☐ hard-wired ☑ battery operated. 41

    (b) The Building ☐ does ☑ does not have a fire sprinkler system. 42

    (c) The Building ☐ does ☑ does not have a fire alarm system. 43

    (d) ☑ The building has a smoking policy, as follows: 44

        <u>No smoking inside the house.</u> 45

        ☐ The building does not have a smoking policy. 46

    (e) ☐ The building has an emergency notification plan for occupants, a copy of which is attached to this 47
        Agreement. 48
        ☑ The building does not have an emergency notification plan for occupants. 49

    (f) ☐ The building has an emergency relocation plan for occupants, a copy of which is attached to this 50
        Agreement. 51
        ☑ The building does not have an emergency relocation plan for occupants. 52

    (g) ☐ The building has an emergency evacuation plan for occupants, a copy of which is attached to this 53
        Agreement. 54
        ☑ The building does not have an emergency evacuation plan for occupants. 55

    Tenant hereby acknowledges receipt of a copy of the building's emergency evacuation routes. 56

12. **CARBON MONOXIDE ALARMS.** Landlord shall equip the Property with carbon monoxide alarm(s) in accordance 57
with the state building code as required by RCW 19.27.530. The parties acknowledge that the real estate firms 58
and brokers are not responsible for ensuring that Landlord complies with RCW 19.27.530. 59

13. **LEAD-BASED PAINT.** If the Property includes housing that was built before 1978, then the Addendum entitled 60
"Disclosure of Information on Lead-Based Paint and Lead-Based Paint Hazards" (NWMLS Form 22J or 61
equivalent), must be attached to this Agreement unless this lease/rental transaction is exempt from all applicable 62
federal regulations. 63

14. **MOLD DISCLOSURE.** Tenant acknowledges receipt of the pamphlet entitled "A Brief Guide to Mold, Moisture, 64
and Your Home." 65

15. FORM 34C "ADDENDUM TO RENTAL AGREEMENT"
IS HEREBY ATTACHED.

| | 05/06/2017 | | | 5.6.2017 |
|---|---|---|---|---|
| Landlord 4:07:43 PM PDT | | Date | Tenant | Date |
| | | | Enmuntin Cruz | 5.6.2017 |
| Landlord | | Date | Tenant | Date |

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643

Authentisign ID: 39150D98-4201-40E0-9D07-040B316BA01F

Form 34 C
Addendum/Amendment to P&S
Rev. 7/10
Page 1 of 1

©Copyright 2010
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

## ADDENDUM / AMENDMENT TO PURCHASE AND SALE AGREEMENT

The following is part of the Purchase and Sale Agreement dated _____May 03, 2017_____ 1

between ___JH Realty Inc. and/or assign_____ ("Buyer") 2
            Buyer                                 Buyer

and ____Antonio Cruz-Alvarado_____Ernestina Cruz_____ ("Seller") 3
            Seller                                 Seller

concerning 9435    25th Ave SW        Seattle      WA  98106   (the "Property"). 4
            Address                       City        State  Zip

IT IS AGREED BETWEEN THE SELLER AND BUYER AS FOLLOWS:                  5

**This form shall be called Form 34 C: Addendum to Rental Agreement**        6

                                                         7

**1. If Seller or any family member fails to vacate property by June 29, 2017, rent shall be increased** 8
**to $3,000 per month beginning July 1, 2017.** 9
**2. Seller agrees to completely clear contents of garage and deck by the closing date. Seller further** 10
**agrees to either remove the three inoperable cars from property or sign-over title to cars to Buyer by** 11/12
**the closing date. Seller understands and agrees that if Seller fails to fulfill this portion of the** 13
**agreement, Buyer may, as they see fit, dispose of contents of garage and deck, as well as inoperable** 14
**cars on property beginning June 29, 2017. If any inoperable cars are not titled to the Seller and title** 15
**to car(s) has not been signed-over to the Buyer by the closing date, then Seller agrees to pay Buyer** 16/17
**any and all costs associated with disposal.** 18
**3. Seller agrees that Buyer may access the property to begin disposal and/or repair work on/in/to the** 19
**deck, garage and backyard beginning June 30, 2017. Provided no work or disposal of any kind shall** 20
**occur on a Saturday, a Sunday or a legal holiday. Seller shall reasonably cooperate with Buyer with** 21
**regards to disposal and repair work, should any cooperation be requested by Buyer, and Buyer shall** 22/23
**cooperate with Seller with regard to any reasonable request not covered herein by Seller.** 24

  25
  26
  27
  28
  29
  30

ALL OTHER TERMS AND CONDITIONS of said Agreement remain unchanged.       31

_____ 05/06/2017     _____    _ACA_ 5-6-2017   E.C. 5-6-2017
Buyer's Initials    Date      Buyer's Initials    Date    Seller's Initials    Date    Seller's Initials    Date

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39150D98-4201-40E0-9D07-040B316BA01F
Authentisign ID: 8A349D08-7390-40BF96FC8-0380-16B1FA96B85F

# EXHIBIT "A"
### Legal Description

THE SOUTH 43 FEET OF THE NORTH 286 FEET OF THE SOUTH 2 ACRES OF THE EAST HALF OF
THE WEST HALF OF THE WEST HALF OF THE SOUTHWEST QUARTER OF THE SOUTHEAST
QUARTER OF SECTION 36, TOWNSHIP 24 NORTH, RANGE 3 EAST, WILLAMETTE MERIDIAN, IN
KING COUNTY, WASHINGTON;

EXCEPT THAT PORTION CONDEMNED FOR EXTENSION OF 25TH AVENUE SOUTHWEST BY KING
COUNTY SUPERIOR COURT CAUSE NUMBER 544992, UNDER ORDINANCE NUMBER 88785.

SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

05/04/2017

GCG 5.6.2017
E.C. 5.6.2017

Copyright American Land Title Association. All rights reserved.

The use of this Form is restricted to ALTA licensees and ALTA members in good standing as of the date of use.
All other uses are prohibited. Reprinted under license from the American Land Title Association.

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 3B160D98-4201-40E0-9D07-040B316BA01F
Authentisign ID: B474E7E7-2234-40E0-9D07-040B316BA01F



May 4, 2017

Dear JH Realty Inc.,

Congratulations! Your preliminary application has been approved. **VERISTONE FUND I, LLC** has reviewed your application and has reviewed your available cash for a down payment. Your final approval is subject to the following terms:

- Purchase Price:     Up to $374,950

- Address:          9435 25th Ave Sw, Seattle 98106

- Loan Type:        Acquisition Loan- "As-is"

You are approved for the above-mentioned loan provided that your credit worthiness and financial position do not materially change prior to closing and:

- The title insurance commitment is acceptable to **VERISTONE FUND I, LLC / ISAOA**

- The subject property is insured in accordance with **VERISTONE FUND I, LLC** requirements

- You execute the loan documents **VERISTONE FUND I, LLC** requires

**VERISTONE FUND I, LLC** expects to close this loan quickly, <u>within 7 days of mutual acceptance</u> of the PSA extension at this purchase price.

Regards,

Travis Wandell
Sales Executive
travisw@veristonecapital.com

*aLG  5·6·2017*
*E.C.  5·6·2017*

6725 116th Avenue NE, Suite 210 | Kirkland, WA 98033 | 425.828.9800 | www.veristonecapital.com

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39150D98-4201-40E0-9D07-040B316BA01F
Authentisign ID: EA3F8D98-72BB6BB48F8D8DB9487F46888BF

| Form 17 | SELLER DISCLOSURE STATEMENT | ©Copyright 2015 |
|---|---|---|
| Seller Disclosure Statement | IMPROVED PROPERTY | Northwest Multiple Listing Service |
| Rev. 7/15 | | ALL RIGHTS RESERVED |
| Page 1 of 6 | | |

**SELLER:** Antonio Cruz        Ernestina Cruz    1
<br>_Seller_              _Seller_

To be used in transfers of improved residential real property, including residential dwellings up to four units, new construction,  2
condominiums not subject to a public offering statement, certain timeshares, and manufactured and mobile homes. See RCW  3
Chapter 64.06 for further information.  4

**INSTRUCTIONS TO THE SELLER**  5
Please complete the following form. Do not leave any spaces blank. If the question clearly does not apply to the property check  6
"NA." If the answer is "yes" to any asterisked (*) item(s), please explain on attached sheets. Please refer to the line number(s) of  7
the question(s) when you provide your explanation(s). For your protection you must date and initial each page of this disclosure  8
statement and each attachment. Delivery of the disclosure statement must occur not later than five (5) business days, unless  9
otherwise agreed, after mutual acceptance of a written purchase and sale agreement between Buyer and Seller.  10

**NOTICE TO THE BUYER**  11
THE FOLLOWING DISCLOSURES ARE MADE BY THE SELLER ABOUT THE CONDITION OF THE PROPERTY LOCATED AT  12
9435    25th Ave SW                           , CITY Seattle  13
STATE WA , ZIP 98106 , COUNTY King                 ("THE PROPERTY") OR AS  14
LEGALLY DESCRIBED ON THE ATTACHED EXHIBIT A.  15

SELLER MAKES THE FOLLOWING DISCLOSURES OF EXISTING MATERIAL FACTS OR MATERIAL DEFECTS TO BUYER BASED  16
ON SELLER'S ACTUAL KNOWLEDGE OF THE PROPERTY AT THE TIME SELLER COMPLETES THIS DISCLOSURE  17
STATEMENT. UNLESS YOU AND SELLER OTHERWISE AGREE IN WRITING, YOU HAVE THREE (3) BUSINESS DAYS FROM  18
THE DAY SELLER OR SELLER'S AGENT DELIVERS THIS DISCLOSURE STATEMENT TO YOU TO RESCIND THE AGREEMENT  19
BY DELIVERING A SEPARATELY SIGNED WRITTEN STATEMENT OF RESCISSION TO SELLER OR SELLER'S AGENT. IF THE  20
SELLER DOES NOT GIVE YOU A COMPLETED DISCLOSURE STATEMENT, THEN YOU MAY WAIVE THE RIGHT TO RESCIND  21
PRIOR TO OR AFTER THE TIME YOU ENTER INTO A PURCHASE AND SALE AGREEMENT.  22

THE FOLLOWING ARE DISCLOSURES MADE BY SELLER AND ARE NOT THE REPRESENTATIONS OF ANY REAL ESTATE  23
LICENSEE OR OTHER PARTY. THIS INFORMATION IS FOR DISCLOSURE ONLY AND IS NOT INTENDED TO BE A PART OF  24
ANY WRITTEN AGREEMENT BETWEEN BUYER AND SELLER.  25

FOR A MORE COMPREHENSIVE EXAMINATION OF THE SPECIFIC CONDITION OF THIS PROPERTY YOU ARE ADVISED  26
TO OBTAIN AND PAY FOR THE SERVICES OF QUALIFIED EXPERTS TO INSPECT THE PROPERTY, WHICH MAY INCLUDE,  27
WITHOUT LIMITATION, ARCHITECTS, ENGINEERS, LAND SURVEYORS, PLUMBERS, ELECTRICIANS, ROOFERS,  28
BUILDING INSPECTORS, ON-SITE WASTEWATER TREATMENT INSPECTORS, OR STRUCTURAL PEST INSPECTORS.  29
THE PROSPECTIVE BUYER AND SELLER MAY WISH TO OBTAIN PROFESSIONAL ADVICE OR INSPECTIONS OF THE  30
PROPERTY OR TO PROVIDE APPROPRIATE PROVISIONS IN A CONTRACT BETWEEN THEM WITH RESPECT TO ANY  31
ADVICE, INSPECTION, DEFECTS OR WARRANTIES.  32

**SELLER ☑ IS/ ☐ IS NOT OCCUPYING THE PROPERTY.**  33

**I. SELLER'S DISCLOSURES:**  34
*If you answer "Yes" to a question with an asterisk (*), please explain your answer and attach documents, if available and not  35
otherwise publicly recorded. If necessary, use an attached sheet.  36

| | YES | NO | DON'T KNOW | N/A | |
|---|---|---|---|---|---|
| **1. TITLE** | | | | | 37 |
|   A. Do you have legal authority to sell the property? If no, please explain. ............... | ☑ | ☐ | ☐ | ☐ | 38, 39 |
| *B. Is title to the property subject to any of the following? | | | | | 40 |
|     (1) First right of refusal ............................................................ | ☐ | ☐ | ☐ | ☐ | 41 |
|     (2) Option ............................................................................... | ☐ | ☐ | ☐ | ☐ | 42 |
|     (3) Lease or rental agreement ................................................ | ☐ | ☑ | ☐ | ☐ | 43 |
|     (4) Life estate? ...................................................................... | ☐ | ☑ | ☐ | ☐ | 44 |
| *C. Are there any encroachments, boundary agreements, or boundary disputes? ......... | ☐ | ☑ | ☐ | ☐ | 45 |
| *D. Is there a private road or easement agreement for access to the property? ........... | ☐ | ☑ | ☐ | ☐ | 46 |
| *E. Are there any rights-of-way, easements, or access limitations that may affect the Buyer's use of the property? ............ | ☐ | ☑ | ☐ | ☐ | 47, 48 |
| *F. Are there any written agreements for joint maintenance of an easement or right-of-way? ........... | ☐ | ☑ | ☐ | ☐ | 49 |
| *G. Is there any study, survey project, or notice that would adversely affect the property? ........... | ☐ | ☑ | ☐ | ☐ | 50 |
| *H. Are there any pending or existing assessments against the property? ........... | ☐ | ☐ | ☑ | ☐ | 51 |

_A C C_   04/19/17       _E.C._    4-19-17
<br>SELLER'S INITIALS   Date       SELLER'S INITIALS   Date

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39150D98-4201-40E0-9D07-040B315BA01F
Authentisign ID: 

Form 17
Seller Disclosure Statement
Rev. 7/15
Page 2 of 6

**SELLER DISCLOSURE STATEMENT**
**IMPROVED PROPERTY**
*(Continued)*

©Copyright 2015
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

|  | | YES | NO | DON'T KNOW | N/A | |
|---|---|---|---|---|---|---|
| *I. | Are there any zoning violations, nonconforming uses, or any unusual restrictions on the property that would affect future construction or remodeling? | ☐ | ☑ | ☐ | ☐ | 52 53 54 55 |
| *J. | Is there a boundary survey for the property? | ☐ | ☑ | ☐ | ☐ | 56 |
| *K. | Are there any covenants, conditions, or restrictions recorded against the property? | ☐ | ☑ | ☐ | ☐ | 57 |

PLEASE NOTE: Covenants, conditions, and restrictions which purport to forbid or restrict the conveyance, encumbrance, occupancy, or lease of real property to individuals based on race, creed, color, sex, national origin, familial status, or disability are void, unenforceable, and illegal. RCW 49.60.224.

58
59
60
61

**2. WATER**

A. Household Water

(1) The source of water for the property is: ☑ Private or publicly owned water system
☐ Private well serving only the subject property   *☐ Other water system

| | YES | NO | DON'T KNOW | N/A | |
|---|---|---|---|---|---|
| *If shared, are there any written agreements? | ☐ | ☐ | ☐ | ☐ | 66 |
| *(2) Is there an easement (recorded or unrecorded) for access to and/or maintenance of the water source? | ☐ | ☑ | ☐ | ☐ | 67 68 |
| *(3) Are there any problems or repairs needed? | ☐ | ☑ | ☐ | ☐ | 69 |
| (4) During your ownership, has the source provided an adequate year-round supply of potable water? | ☑ | ☐ | ☐ | ☐ | 70 |

If no, please explain: _____

71

| | YES | NO | DON'T KNOW | N/A | |
|---|---|---|---|---|---|
| *(5) Are there any water treatment systems for the property? | ☐ | ☑ | ☐ | | 72 |

If yes, are they: ☐ Leased   ☐ Owned

73

| | YES | NO | DON'T KNOW | N/A | |
|---|---|---|---|---|---|
| *(6) Are there any water rights for the property associated with its domestic water supply, such as a water right permit, certificate, or claim? | ☐ | ☑ | ☐ | ☐ | 74 75 |
| (a) If yes, has the water right permit, certificate, or claim been assigned, transferred, or changed? | ☐ | ☐ | ☐ | | 76 |
| *(b) If yes, has all or any portion of the water right not been used for five or more successive years? | ☐ | ☐ | ☐ | | 77 |
| *(7) Are there any defects in the operation of the water system (e.g. pipes, tank, pump, etc.)? | ☐ | ☑ | ☐ | | 78 |

B. Irrigation Water

| | YES | NO | DON'T KNOW | N/A | |
|---|---|---|---|---|---|
| (1) Are there any irrigation water rights for the property, such as a water right permit, certificate, or claim? | ☐ | ☑ | ☐ | ☐ | 80 81 |
| *(a) If yes, has all or any portion of the water right not been used for five or more successive years? | ☐ | ☐ | ☐ | ☑ | 82 83 |
| *(b) If so, is the certificate available? (If yes, please attach a copy.) | ☐ | ☐ | ☐ | ☑ | 84 |
| *(c) If so, has the water right permit, certificate, or claim been assigned, transferred, or changed? | ☐ | ☐ | ☐ | ☑ | 85 |
| *(2) Does the property receive irrigation water from a ditch company, irrigation district, or other entity? | ☐ | ☑ | ☐ | | 86 |

79

If so, please identify the entity that supplies water to the property:

_____
_____

87
88

C. Outdoor Sprinkler System

89

| | YES | NO | DON'T KNOW | N/A | |
|---|---|---|---|---|---|
| (1) Is there an outdoor sprinkler system for the property? | ☐ | ☑ | ☐ | ☐ | 90 |
| *(2) If yes, are there any defects in the system? | ☐ | ☐ | ☐ | ☑ | 91 |
| *(3) If yes, is the sprinkler system connected to irrigation water? | ☐ | ☐ | ☐ | ☑ | 92 |

**3. SEWER/ON-SITE SEWAGE SYSTEM**

93

A. The property is served by:

94

☑ Public sewer system   ☐ On-site sewage system (including pipes, tanks, drainfields, and all other component parts)
☐ Other disposal system

95
96

Please describe: _____

97

_A.A._ 04/19/17          _E.C._          _4-19-17_
SELLER'S INITIALS   Date      SELLER'S INITIALS   Date

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39150D88-4201-40E0-9D07-0408315BA01F
Authentisign ID: 6A3F8E99-7236049E-3CE0-0-0607B6E89E7F

Form 17
Seller Disclosure Statement
Rev. 7/15
Page 3 of 6

**SELLER DISCLOSURE STATEMENT**
**IMPROVED PROPERTY**
*(Continued)*

©Copyright 2016
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

|  | YES | NO | DON'T KNOW | N/A | |
|---|---|---|---|---|---|
| B. If public sewer system service is available to the property, is the house connected to the sewer main? | ☑ | ☐ | ☐ | ☐ | 98 / 99 / 100 |
| If no, please explain: | | | | | 101 |
| *C. Is the property subject to any sewage system fees or charges in addition to those covered in your regularly billed sewer or on-site sewage system maintenance service? | ☐ | ☑ | ☐ | ☐ | 102 / 103 |
| D. If the property is connected to an on-site sewage system: | | | | | 104 |
| *(1) Was a permit issued for its construction, and was it approved by the local health department or district following its construction? | ☐ | ☐ | ☐ | ☑ | 105 / 106 |
| (2) When was it last pumped? | | | | | 107 |
| *(3) Are there any defects in the operation of the on-site sewage system? | ☐ | ☐ | ☐ | ☑ | 108 |
| (4) When was it last inspected? | | | ☐ | ☑ | 109 |
| By whom: | | | | | 110 |
| (5) For how many bedrooms was the on-site sewage system approved? _____ bedrooms | | | ☐ | ☑ | 111 |
| E. Are all plumbing fixtures, including laundry drain, connected to the sewer/on-site sewage system? | ☑ | ☐ | ☐ | ☐ | 112 / 113 |
| If no, please explain: | | | | | 114 |
| *F. Have there been any changes or repairs to the on-site sewage system? | ☐ | ☑ | ☐ | ☐ | 115 |
| G. Is the on-site sewage system, including the drainfield, located entirely within the boundaries of the property? | ☐ | ☐ | ☐ | ☑ | 116 / 117 |
| If no, please explain: | | | | | 118 |
| *H. Does the on-site sewage system require monitoring and maintenance services more frequently than once a year? | ☐ | ☐ | ☐ | ☑ | 119 / 120 |

NOTICE: IF THIS RESIDENTIAL REAL PROPERTY DISCLOSURE IS BEING COMPLETED FOR NEW CONSTRUCTION WHICH HAS NEVER BEEN OCCUPIED, SELLER IS NOT REQUIRED TO COMPLETE THE QUESTIONS LISTED IN ITEM 4 (STRUCTURAL) OR ITEM 5 (SYSTEMS AND FIXTURES). — 121 / 122 / 123

**4. STRUCTURAL** — 124

|  | YES | NO | DON'T KNOW | N/A | |
|---|---|---|---|---|---|
| *A. Has the roof leaked within the last 5 years? | ☐ | ☑ | ☐ | ☐ | 125 |
| *B. Has the basement flooded or leaked? | ☐ | ☑ | ☐ | ☐ | 126 |
| *C. Have there been any conversions, additions or remodeling? | ☐ | ☑ | ☐ | ☐ | 127 |
| *(1) If yes, were all building permits obtained? | ☐ | ☐ | ☐ | ☐ | 128 |
| *(2) If yes, were all final inspections obtained? | ☐ | ☐ | ☐ | ☐ | 129 |
| D. Do you know the age of the house? | ☑ | ☐ | ☐ | ☐ | 130 |
| If yes, year of original construction: 1966 | | | | | 131 |
| *E. Has there been any settling, slippage, or sliding of the property or its improvements? | ☐ | ☑ | ☐ | ☐ | 132 |
| *F. Are there any defects with the following: (If yes, please check applicable items and explain) | ☐ | ☐ | ☐ | ☐ | 133 |

| ☐ Foundations | ☑ Decks | ☐ Exterior Walls | 134 |
| ☐ Chimneys | ☐ Interior Walls | ☐ Fire Alarms | 135 |
| ☐ Doors | ☑ Windows | ☐ Patio | 136 |
| ☐ Ceilings | ☐ Slab Floors | ☐ Driveways | 137 |
| ☐ Pools | ☐ Hot Tub | ☐ Sauna | 138 |
| ☐ Sidewalks | ☐ Outbuildings | ☐ Fireplaces | 139 |
| ☐ Garage Floors | ☐ Walkways | ☐ Siding | 140 |
| ☐ Wood Stoves | ☐ Elevators | ☐ Incline Elevators | 141 |
| ☐ Stairway Chair Lifts | ☐ Wheelchair Lifts | ☐ Other |  |

|  | YES | NO | DON'T KNOW | N/A | |
|---|---|---|---|---|---|
| *G. Was a structural pest or "whole house" inspection done? | ☐ | ☑ | ☐ | ☐ | 142 |
| If yes, when and by whom was the inspection completed? | | | | | 143 / 144 |
| H. During your ownership, has the property had any wood destroying organism or pest infestation? | ☐ | ☑ | ☐ | ☐ | 145 |
| I. Is the attic insulated? | ☑ | ☐ | ☐ | ☐ | 146 |
| J. Is the basement insulated? | ☐ | ☐ | ☑ | ☐ | 147 |

SELLER'S INITIALS _ACA_ Date _04/19/17_    SELLER'S INITIALS _EC_ Date _4-19-17_

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39150D98-4201-40E0-9D07-040B316BA01F
Authentisign ID: BA34E209-7E3B44E2-9-A9-CB000-0E0FBA89897F

**SELLER DISCLOSURE STATEMENT**
**IMPROVED PROPERTY**
*(Continued)*

©Copyright 2015
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

| | | YES | NO | DON'T KNOW | N/A | |
|---|---|---|---|---|---|---|
| **5.** | **SYSTEMS AND FIXTURES** | | | | | 148 149 |
| *A. | If any of the following systems or fixtures are included with the transfer, are there any defects? | | | | | 150 |
| | If yes, please explain: Outdated elect. wiring. Faulty at times. | | | | | 151 |
| | Electrical system, including wiring, switches, outlets, and service | ☑ | ☐ | ☐ | ☐ | 152 |
| | Plumbing system, including pipes, faucets, fixtures, and toilets | ☐ | ☑ | ☐ | ☐ | 153 |
| | Hot water tank | ☐ | ☑ | ☐ | ☑ | 154 |
| | Garbage disposal | ☐ | ☑ | ☐ | ☑ | 155 |
| | Appliances | ☐ | ☑ | ☐ | ☐ | 156 |
| | Sump pump | ☐ | ☑ | ☐ | ☐ | 157 |
| | Heating and cooling systems | ☐ | ☑ | ☐ | ☑ | 158 |
| | Security system: ☐ Owned ☐ Leased | ☐ | ☐ | ☐ | ☑ | 159 |
| | Other | ☐ | ☐ | ☐ | ☐ | 160 |
| *B. | If any of the following fixtures or property is included with the transfer, are they leased? (If yes, please attach copy of lease.) | | | | | 161 162 |
| | Security System: | ☐ | ☐ | ☐ | ☑ | 163 |
| | Tanks (type): | ☐ | ☐ | ☐ | ☑ | 164 |
| | Satellite dish: | ☐ | ☐ | ☐ | ☑ | 165 |
| | Other: | ☐ | ☐ | ☐ | ☑ | 166 |
| *C. | Are any of the following kinds of wood burning appliances present at the property? | | | | | 167 |
| | (1) Woodstove? | ☐ | ☑ | ☐ | ☐ | 168 |
| | (2) Fireplace insert? | ☐ | ☑ | ☐ | ☐ | 169 |
| | (3) Pellet stove? | ☐ | ☑ | ☐ | ☐ | 170 |
| | (4) Fireplace? one downstairs and one on the main floor. | ☑ | ☐ | ☐ | ☐ | 171 |
| | If yes, are all of the (1) woodstoves or (2) fireplace inserts certified by the U.S. Environmental Protection Agency as clean burning appliances to improve air quality and public health? | ☐ | ☑ | ☐ | ☐ | 172 173 |
| D. | Is the property located within a city, county, or district or within a department of natural resources fire protection zone that provides fire protection services? | ☐ | ☑ | ☐ | ☐ | 174 175 |
| E. | Is the property equipped with carbon monoxide alarms? (Note: Pursuant to RCW 19.27.530, Seller must equip the residence with carbon monoxide alarms as required by the state building code.) | ☑ | ☐ | ☐ | ☐ | 176 177 |
| F. | Is the property equipped with smoke alarms? | ☑ | ☐ | ☐ | ☐ | 178 |
| **6.** | **HOMEOWNERS' ASSOCIATION/COMMON INTERESTS** | | | | | 179 |
| A. | Is there a Homeowners' Association? | ☐ | ☑ | ☐ | ☐ | 180 |
| | Name of Association and contact information for an officer, director, employee, or other authorized agent, if any, who may provide the association's financial statements, minutes, bylaws, fining policy, and other information that is not publicly available: | | | | | 181 182 183 |
| B. | Are there regular periodic assessments? | ☐ | ☑ | ☐ | ☐ | 184 |
| | $_____ per ☐ month ☐ year | | | | | 185 |
| | ☐ Other: | | | | | 186 |
| *C. | Are there any pending special assessments? | ☐ | ☑ | ☐ | ☐ | 187 |
| *D. | Are there any shared "common areas" or any joint maintenance agreements (facilities such as walls, fences, landscaping, pools, tennis courts, walkways, or other areas co-owned in undivided interest with others)? | ☐ | ☑ | ☐ | ☐ | 188 189 190 |
| **7.** | **ENVIRONMENTAL** | | | | | 191 |
| *A. | Have there been any flooding, standing water, or drainage problems on the property that affect the property or access to the property? | ☐ | ☑ | ☐ | ☐ | 192 193 |
| *B. | Does any part of the property contain fill dirt, waste, or other fill material? | ☐ | ☑ | ☐ | ☐ | 194 |
| *C. | Is there any material damage to the property from fire, wind, floods, beach movements, earthquake, expansive soils, or landslides? | ☐ | ☑ | ☐ | ☐ | 195 196 |
| D. | Are there any shorelines, wetlands, floodplains, or critical areas on the property? | ☐ | ☑ | ☐ | ☐ | 197 |
| *E. | Are there any substances, materials, or products in or on the property that may be environmental concerns, such as asbestos, formaldehyde, radon gas, lead-based paint, fuel or chemical storage tanks, or contaminated soil or water? | ☐ | ☑ | ☐ | ☐ | 198 199 200 |
| *F. | Has the property been used for commercial or industrial purposes? | ☐ | ☑ | ☐ | ☐ | 201 |

BCA 04/19/17
SELLER'S INITIALS   Date

E.C.   4-19-17
SELLER'S INITIALS   Date

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39160D98-4201-40E0-9D07-040B316BA01F
Authentisign ID: 6A34BDCB-D3D0445 E-BGDE-DB4FB44906FF

**SELLER DISCLOSURE STATEMENT
IMPROVED PROPERTY**
*(Continued)*

©Copyright 2015
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

| | YES | NO | DON'T KNOW | N/A | |
|---|---|---|---|---|---|
| *G. Is there any soil or groundwater contamination? | ☐ | ☐ | ☒ | ☐ | 202 203 204 |
| *H. Are there transmission poles or other electrical utility equipment installed, maintained, or buried on the property that do not provide utility service to the structures on the property? | ☐ | ☐ | ☒ | ☐ | 205 206 |
| *I. Has the property been used as a legal or illegal dumping site? | ☐ | ☒ | ☐ | ☐ | 207 |
| *J. Has the property been used as an illegal drug manufacturing site? | ☐ | ☒ | ☐ | ☐ | 208 |
| *K. Are there any radio towers in the area that cause interference with cellular telephone reception? | ☐ | ☒ | ☐ | ☐ | 209 |

**8. LEAD BASED PAINT** (Applicable if the house was built before 1978).

A. Presence of lead-based paint and/or lead-based paint hazards (check one below): 211

☐ Known lead-based paint and/or lead-based paint hazards are present in the housing (explain). _____ 212 213

☒ Seller has no knowledge of lead-based paint and/or lead-based paint hazards in the housing. 214

B. Records and reports available to the Seller (check one below): 215

☐ Seller has provided the purchaser with all available records and reports pertaining to lead-based paint and/or lead-based paint hazards in the housing (list documents below). 216 217 218

☒ Seller has no reports or records pertaining to lead-based paint and/or lead-based paint hazards in the housing. 219

**9. MANUFACTURED AND MOBILE HOMES** 220

If the property includes a manufactured or mobile home, 221

| | YES | NO | DON'T KNOW | N/A | |
|---|---|---|---|---|---|
| *A. Did you make any alterations to the home? | ☐ | ☐ | ☐ | ☒ | 222 |
| If yes, please describe the alterations: | | | | | 223 |
| *B. Did any previous owner make any alterations to the home? | ☐ | ☐ | ☐ | ☒ | 224 |
| *C. If alterations were made, were permits or variances for these alterations obtained? | ☐ | ☐ | ☐ | ☒ | 225 |

**10. FULL DISCLOSURE BY SELLERS** 226

A. Other conditions or defects: 227
*Are there any other existing material defects affecting the property that a prospective buyer should know about? *deck need to torn down Rebuilt* ☒ ☐ ☐ ☐ 228 229

B. Verification 230
The foregoing answers and attached explanations (if any) are complete and correct to the best of Seller's knowledge and Seller has received a copy hereof. Seller agrees to defend, indemnify and hold real estate licensees harmless from and against any and all claims that the above information is inaccurate. Seller authorizes real estate licensees, if any, to deliver a copy of this disclosure statement to other real estate licensees and all prospective buyers of the property. 231 232 233 234

Seller _____ 09/19/17 Date _____ Seller Ernestine Cruz 4-19-17 Date 235 236

If the answer is "Yes" to any asterisked (*) items, please explain below (use additional sheets if necessary). Please refer to the line number(s) of the question(s). 237 238

239 240 241 242 243 244 245 246 247 248 249 250 251

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39150D98-4201-40E0-9D07-040B316BA01F
Authentisign ID: BA14FB36-7E9D-4DED-8EE6-0B0F1816557F

**SELLER DISCLOSURE STATEMENT**
**IMPROVED PROPERTY**

*(Continued)*

©Copyright 2015
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

## II. NOTICES TO THE BUYER 252

### 1. SEX OFFENDER REGISTRATION 253

INFORMATION REGARDING REGISTERED SEX OFFENDERS MAY BE OBTAINED FROM LOCAL LAW ENFORCEMENT 254
AGENCIES. THIS NOTICE IS INTENDED ONLY TO INFORM YOU OF WHERE TO OBTAIN THIS INFORMATION AND IS NOT 255
AN INDICATION OF THE PRESENCE OF REGISTERED SEX OFFENDERS. 256

### 2. PROXIMITY TO FARMING 257

THIS NOTICE IS TO INFORM YOU THAT THE REAL PROPERTY YOU ARE CONSIDERING FOR PURCHASE MAY LIE IN 258
CLOSE PROXIMITY TO A FARM. THE OPERATION OF A FARM INVOLVES USUAL AND CUSTOMARY AGRICULTURAL 259
PRACTICES, WHICH ARE PROTECTED UNDER RCW 7.48.305, THE WASHINGTON RIGHT TO FARM ACT. 260

## III. BUYER'S ACKNOWLEDGEMENT 261

### 1. BUYER HEREBY ACKNOWLEDGES THAT: 262

A. Buyer has a duty to pay diligent attention to any material defects that are known to Buyer or can be known to Buyer by 263
utilizing diligent attention and observation. 264

B. The disclosures set forth in this statement and in any amendments to this statement are made only by the Seller and 265
not by any real estate licensee or other party. 266

C. Buyer acknowledges that, pursuant to RCW 64.06.050(2), real estate licensees are not liable for inaccurate information 267
provided by Seller, except to the extent that real estate licensees know of such inaccurate information. 268

D. This information is for disclosure only and is not intended to be a part of the written agreement between the Buyer and Seller. 269

E. Buyer (which term includes all persons signing the "Buyer's acceptance" portion of this disclosure statement below) has 270
received a copy of this Disclosure Statement (including attachments, if any) bearing Seller's signature(s). 271

F. If the house was built prior to 1978, Buyer acknowledges receipt of the pamphlet *Protect Your Family From Lead in Your* 272
*Home.* 273

DISCLOSURES CONTAINED IN THIS DISCLOSURE STATEMENT ARE PROVIDED BY SELLER BASED ON SELLER'S 274
ACTUAL KNOWLEDGE OF THE PROPERTY AT THE TIME SELLER COMPLETES THIS DISCLOSURE. UNLESS BUYER 275
AND SELLER OTHERWISE AGREE IN WRITING, BUYER SHALL HAVE THREE (3) BUSINESS DAYS FROM THE DAY 276
SELLER OR SELLER'S AGENT DELIVERS THIS DISCLOSURE STATEMENT TO RESCIND THE AGREEMENT BY 277
DELIVERING A SEPARATELY SIGNED WRITTEN STATEMENT OF RESCISSION TO SELLER OR SELLER'S AGENT. YOU 278
MAY WAIVE THE RIGHT TO RESCIND PRIOR TO OR AFTER THE TIME YOU ENTER INTO A SALE AGREEMENT. 279

BUYER HEREBY ACKNOWLEDGES RECEIPT OF A COPY OF THIS DISCLOSURE STATEMENT AND ACKNOWLEDGES 280
THAT THE DISCLOSURES MADE HEREIN ARE THOSE OF THE SELLER ONLY, AND NOT OF ANY REAL ESTATE 281
LICENSEE OR OTHER PARTY. 282

283

| Buyer | Date | Buyer | Date | 284 |

### 2. BUYER'S WAIVER OF RIGHT TO REVOKE OFFER 285

Buyer has read and reviewed the Seller's responses to this Seller Disclosure Statement. Buyer approves this statement and 286
waives Buyer's right to revoke Buyer's offer based on this disclosure. 287

05/04/2017

| Buyer 05/04/2017 9:26:07 AM PDT | Date | Buyer | Date | 288
289 |

### 3. BUYER'S WAIVER OF RIGHT TO RECEIVE COMPLETED SELLER DISCLOSURE STATEMENT 290

Buyer has been advised of Buyer's right to receive a completed Seller Disclosure Statement. Buyer waives that right. 291
However, if the answer to any of the questions in the section entitled "Environmental" would be "yes," Buyer may not waive 292
the receipt of the "Environmental" section of the Seller Disclosure Statement. 293

294

| Buyer | Date | Buyer | Date | 295 |

*ACA* 04/19/17
SELLER'S INITIALS  Date

*E.C.* 4-19-17
SELLER'S INITIALS  Date

Authentisign ID: 77EBF372-414E-489E-B153-967F26142643
Authentisign ID: 39160D98-4201-40E0-9D07-040B316BA01F

Form 36
Counteroffer Addendum
Rev. 8/11
Page 1 of 1

©Copyright 2011
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

**COUNTEROFFER ADDENDUM**
**TO REAL ESTATE PURCHASE AND SALE AGREEMENT**

All terms and conditions of the offer (Real Estate Purchase and Sale Agreement) dated ___May 03, 2017___ .  1

concerning 9435    25th Ave SW                    Seattle          WA   98106        (the "Property"),  2
    Address                                City                State  Zip

by, Antonio Cruz-Alvarado and Ernestina Cruz_____ , as         Seller  3

and the undersigned ___JH Realty, Inc. and/or Assign_____ , as          Buyer  4

are accepted, except for the following changes.  5

☑  **The Purchase Price** shall be $ 382,000.00        **Three hundred eighty two dollars even**  6

   7

☑  **Other.**  8
   1. Form 21, para 11: Closing date shall be June 1, 2017.  9
   2. Form 21, para 11: Possession date shall be June 29, 2017 at 5 pm unless Form 34 A applies.  10
   3. Form 34 A, Early Possession Credit to Seller is hereby attached.  11
   4. Form 21, para W, Information Verification Period:  The entirety of this paragraph is hereby deleted.  12
   5. Form 31, Earnest Money Promissory Note is hereby attached.  13
   6. Form 34, last para:  This paragraph is hereby deleted and Addendum 34 B, Conversion of Earnest  14
   Money to Non-Refundable Deposit, is hereby attached.  15
     16
   7. Form 35, 1. b. Additional Inspections: This paragraph is hereby deleted.  17
   8. Buyer agrees that any inspection reports or opinions of inspectors shall not be shared with Seller or  18
   Seller's agent.  19
   9. Form 65B, Rental Agreement (Seller Occupancy After Closing) and Form 34 C Addendum to Rental  20
   Agreement is hereby attached.  21
   10. Buyer understands that Seller is in "pre-foreclosure" status with regard to their mortgage and a  22
   Trustee has been assigned; ~~Seller confirms that they have not been served a foreclosure notice by the~~  23
   ~~current Trustee and that no auction date has been set~~  24
     25
     26

   *A.L.G.*  *E.C.*  [initials]  05/06/2017
   *5.6.17*  *5-6-17*

This counteroffer shall expire at 9:00 p.m. on _____ (if not filled in, two days after it is delivered),  27
unless it is sooner withdrawn. Acceptance shall not be effective until a signed copy is received by the counterofferor,  28
their broker or at the licensed office of their broker. If this counteroffer is not so accepted, it shall lapse and the  29
Earnest Money shall be refunded to Buyer.  30

All other terms and conditions of the above offer are incorporated herein by reference as though fully set forth.  31

*Authentisign*
[signature]            05/06/2017
Signature 07:37 PM PDT          Date          Signature                  Date

The above counteroffer is accepted.
[signature]          *5.6.2017*    *Ernestina Cruz* *5.6.2017*
Signature                  Date          Signature                  Date

Authentisign ID: 04222905-AE0E-495B-834D-B1707C5633CA

Form 35R
Inspection Response for Form 35
Rev. 7/08
Page 1 of 1

**INSPECTION RESPONSE FOR FORM 35**

©Copyright 2008
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

The following is part of the Purchase and Sale Agreement dated    **May 03, 2017**             1

between     **JH Realty, Inc and/or Assign**                             ("Buyer")   2
          Buyer                            Buyer

and        **Antonio Cruz-Alvarado**         **Ernestina Cruz**                ("Seller")   3
          Seller                            Seller

concerning **9435**      **25th Avenue SW**         **Seattle**        **WA**   **98106**    (the "Property").   4
          Address                        City           State     Zip

**I.**    **BUYER'S RESPONSE OR REQUEST FOR REPAIRS OR MODIFICATION**                        5

☑ Buyer's inspection of the Property is approved and the inspection contingency is satisfied.*   6

☐ Buyer's inspection of the Property is disapproved and the Agreement is terminated. The Earnest Money shall be   7
refunded to Buyer.*   8

☐ Buyer gives notice of an additional inspection. The inspector's recommendation is attached. The time for Buyer's   9
response to the initial and additional inspection is extended as provided in paragraph 1(b) of Form 35.*   10

☐ Buyer requests the following modifications and/or repairs. If Seller agrees to these modifications or repairs, the   11
inspection contingency shall be deemed satisfied.**   12

                                            13

                                            14

                                            15

                                            16

                                            17

                                            18

_(Authentisign signature)_     05/09/2017                                     19
Buyer 5/9/2017 6:29:55 PM PDT                Date       Buyer                        Date

If Buyer requests modifications and/or repairs, this Form 35R and any other addenda or notice pertaining to the   20
modifications and/or repairs and amendment to the Agreement related to or resulting from the request for   21
modifications and/or repairs shall become a part of the Agreement.   22

**II.**    **SELLER'S RESPONSE TO BUYER'S REQUEST FOR REPAIRS OR MODIFICATION.**            23

Seller acknowledges receipt of Buyer's request for modification or repair, and responds as follows:   24

☐ Seller agrees to all of the modifications or repairs in Buyer's request for modification or repair. The inspection contingency   25
is satisfied, the parties agree to proceed to Closing as provided in the Agreement, and Buyer's reply, below, is not   26
necessary.**   27

☐ Seller offers to correct only the following conditions:**   28

                                            29

                                            30

☐ Seller rejects all proposals by Buyer.*   31

☐ Seller rejects all proposals by Buyer, but proposes the following alternative modifications or repairs:**   32

                                            33

                                            34

Seller                       Date       Seller                        Date   35

**III. BUYER'S REPLY TO SELLER'S RESPONSE.**                         36

☐ Buyer accepts Seller's receipt and agrees to proceed to Closing as provided in the Agreement.**   37

☐ Buyer rejects Seller's response. Buyer disapproves of the inspection and this Agreement is terminated. The   38
Earnest Money shall be refunded to Buyer.*   39

☐ Buyer rejects Seller's response, but offers the attached alternative proposal for modification or repair. Buyer   40
acknowledges that the inspection contingency will be waived unless Buyer and Seller reach written agreement or   41
Buyer gives notice disapproving the inspection and terminating the Agreement before the deadline in paragraph   42
1(c)(ii) of the inspection contingency (NWMLS Form 35).**   43

Buyer                       Date       Buyer                        Date   44

   * This is a notice which requires only one Buyer's or one Seller's initials.   45
  ** This is not a notice and requires all Buyer's or Seller's initials.   46

Authentisign ID: 6422B9A8-AC8B-495B-841D-5017C76E133A

Form 34
Addendum/Amendment to P&S
Rev. 7/10
Page 1 of 1

©Copyright 2010
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

## ADDENDUM / AMENDMENT TO PURCHASE AND SALE AGREEMENT

The following is part of the Purchase and Sale Agreement dated ___**May 03, 2017**_____ 1

between ___**JH Realty, Inc and/or Assign**_____ ("Buyer") 2
            Buyer                             Buyer

and ___**Antonio Cruz-Alvarado**_____**Ernestina Cruz**_____ ("Seller") 3
        Seller                            Seller

concerning **9435**     **25th Avenue SW**     **Seattle**    **WA**  **98106**   (the "Property"). 4
           Address                        City        State  Zip

IT IS AGREED BETWEEN THE SELLER AND BUYER AS FOLLOWS:               5

**JH Realty, Inc assigns its interest in this contract to Eminence Investments LLC.**   6
  7
**Eminence Investments LLC will be new buyer for this property.**   8
  9
  10
  11
  12
  13
  14
  15
  16
  17
  18
  19
  20
  21
  22
  23
  24
  25
  26
  27
  28
  29
  30

ALL OTHER TERMS AND CONDITIONS of said Agreement remain unchanged.       31

 05/09/2017
Buyer's Initials    Date

 05/09/2017
Buyer's Initials    Date

 05/10/2017
Seller's Initials    Date

05/10/2017
Seller's Initials    Date

Authentisign ID: 776597F1-C9FA-4F41-BCB0-1C64FB7E9936

Form 40
Commission Disbursement Form
Rev. 7/10
Page 1 of 1

**COMMISSION DISBURSEMENT FORM**

©Copyright 2010
Northwest Multiple Listing Service
ALL RIGHTS RESERVED

| | |
|---|---|
| **SELLING OFFICE MUST:** | 1 |
| **(1) Fill in the following completely.** | 2 |
| **(2) Sign in the space provided.** | 3 |
| **(3) Send the original to the Listing Firm.** | 4 |
| **(4) Send one copy to the Closing Agent.** | 5 |
| **(5) Retain one copy.** | 6 |

Buyer  JH Realty, Inc and/or Assign                              7
        Buyer                            Buyer

Seller  Antonio Cruz-Alvarado          Ernestina Cruz                  8
       Seller                           Seller

Listing No.  1112852          Today's Date  05/18/2017              9

Property Address  9435 25th Ave SW          Seattle          WA    98106   10
               Address                  City           State    Zip

Closing Agent  Best Escrow LLC                                   11

Closing Agent's Address _____   12
                  Address              City        State    Zip

The Closing Agent is instructed to disburse the Selling Firm's share of the commission and mail it direct **with**   13
**photocopies of this form** as follows:                          14

$  11,460     to  Fresh Look Real Estate                    (Selling Firm)   15
              400 Bellevue Way NE 5th Floor     Bellevue       WA    98004   16
                  Address            City       State    Zip

$_____     to  _____   17
                                           18
                  Address              City        State    Zip

$_____     to  _____   19
                                           20
                  Address              City        State    Zip

Selling Firm  Fresh Look Real Estate                Phone  206-966-7441   21

By  _____          Please Print:  Jared Holland      22
     Jared Holland
     Authorized Signature

| | |
|---|---|
| **LISTING FIRM MUST:** | 23 |
| **(1) Fill in the following completely.** | 24 |
| **(2) Sign in the space provided.** | 25 |
| **(3) Send the original to the Closing Agent.** | 26 |
| **(4) Retain a photocopy.** | 27 |

The total commission owed is $_____ of which the Listing Firm's share is $_____   28

The Closing Agent is instructed to disburse the Listing Firm's share of the commission and mail it direct with   29
**photocopies of this form** as follows:                          30

$_____     to  _____   (Listing Firm)   31
                                         32
                  Address              City        State    Zip

$_____     to  _____   33
                                           34
                  Address              City        State    Zip

$_____     to  _____   35
                                           36
                  Address              City        State    Zip

Listing Firm  _____          Phone _____   37

By  _____          Please Print  _____   38
     Authorized Signature